Complaint _____ (02/14/22) CCL 0063 A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**COUNTY DEPARTMENT, LAW DIVISION**

Andrea A. Paxton & Fam. Development Inc.
_____
Plaintiff(s)

v.

Village of SouthHolland
_____
Defendant(s)

Case No. **23L002215**

Contract: _____

Amount Claimed: _____

Return Date: _____

**COMPLAINT**

The Plaintiff(s) claim(s) as follows (use next page if more space is required.):

See Attachment

**FILED**

MAR 03 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

The allegations in this complaint are true.

☐ Atty. No.: _____ ☑ Pro Se 99500

Atty Name: Andrea A. Paxton          Dated: 3-3-23

Atty. for (if applicable): _____

Address: 183-185 West 162nd

City: SouthHolland   State: IL

Zip: 60473

Telephone: (708)629-6182

Primary Email: fammD93@gmail.com
fammincD93@gmail.com

Signature

**Exhibit A**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT LAW DIVISION

| | |
|---|---|
| F.A.M. Development Inc<br>A'ndrea A. Paxton "Director"<br>Plaintiff(s),<br>vs. | ) Case No. **23L002215**<br>) Contact:_____<br>) Amount Claimed: $1,000,000.00<br>)<br>) Return Date:_____ |
| Village of South Holland,<br>an Illinois Municipal Corporation<br>John Watson "Planning Director",<br>Larry DeYoung "Village Treasure",<br>Eric DiSantos "Public Works Supervisor<br>Michael DeYoung, "Village Public Works"<br>William Sandrick "Sandrick Law Firm LLC"<br>Fair Deal Of Illinois Inc., FNA NP. LLC<br>Defendant(s) | )<br>)<br>) **TRIAL BY JURY DEMAND**<br>• )<br>)<br>)<br>)<br>)<br>) |



To: Village of South Holland

16226 Wausau Ave
South Holland, IL 60473-2193

To: Sandrick Law Firm LLC
William I.Sandrick
16475 Van Dam Road
South Holland, IL 60473

### VERIFIED COMPLAINT

NOW COMES THE PLAINTIFF(S) Andrea A. Paxton (Paxton), Founder and Director of F.A.M. Development Inc., (hereafter "Plaintiff(s)", and that all allegations are upon her personal knowledge, information, and belief, verified pursuant to 735 ILCS 5/1-109. And as their Verified Complaint against Defendant(s), The Village of South Holland, John Watson, Barbie Harris, William I. Sandrick, Larry W. DeYoung, Michael DeYoung, Eric DiSantos, The Village Of South Holland, and other Defendants yet to be named (collectively, "Defendants"), and in support thereof states as follows:

### NATURE OF THE ACTION

1. The Plaintiff(s) seeks the protection of a Preliminary Injunction preventing Defendant(s) from any further actions and damages causing Plaintiff(s) irrefutable financial harm pending the merit of cases being filed with the county, state, and federal courts for damages, economic recovery until a fair and equitable settlement has been determined.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County,**

**Illinoiscookcountyclerkofcourt.org**

# Exhibit A

("RICO") Act and civil rights violations arising out of an ongoing enterprise and scheme initiated by Village of South Holland, its officials, and employees acting under color of law and all contractors and or sub-contractor involved in this matter from on or about 2013 until the present.

3. In furtherance of the enterprise, Defendants used, and/or received, public monies, the advancement of municipal credit, and/or other public resources for, or on behalf of, the private entity in contravention of the Illinois Constitution, Illinois Criminal Code, and/or the Public Officer Prohibited Activities Act (also known as the "Corrupt Practices Act") in addition to the numerous RICO predicate acts pled with requisite specificity herein.

4. "Village" officials and employees exceeded their statutory authority while acting under the color of official right and repeatedly abused their positions of public trust in the reckless disregard to the constitutional rights, health, safety, and welfare of Plaintiff, her property, and her business so as to, *inter alia*, unjustly enrich Defendant(s).

5. The "Defendant(s)" have violated the "Village" Code of Ordinances Sec.21:2,36.56,64 by not installing a shutoff service box at the curb line and sidewalk line. Defendant(s) consistently abused its discretionary and municipal power as a means to force Plaintiff(s) to pay excessive penalties previously paid and falsified or miscalculated water bills as a result of Defendant(s) negligence, and have used deceptive practices as direct or indirect attempts to force the Plaintiff(s) into financial disparity and, or yielding them to pay or to lose their investments and real estate property.

6. On October 19, 2019, Plaintiff(s) visited the Defendant(s) Clerks Office to have water utilities transferred out of the previous property owner's name. Defendant(s) refused after confirming that the Plaintiff(s) were partners and had an ownership interest, and business licenses and that they had operated out of the property since on or about August 26, 2017.

7. Plaintiff(s) provided a legal Quit Claim Deed, the electric bill, and current business license as proof of ownership. Defendant(s) then demanded that Plaintiff(s) pay a water bill and penalties over $100,000.00. And that Plaintiff(s) contested the cost. Defendant(s) lowered the cost but then refused to change the name on the water bill unless Plaintiff(s) paid code violations and penalties that were previously paid, inspected and resolved.

8. Defendant(s) then prolonged the process by making appointments to visit the property in 2019. An investigation was done during several visits, and they identified the issues but refused to resolve the problem or transfer the water bill to date. Instead have used the water bill as a tactic to further injure the Plaintiff(s) by consistently trespassing onto the Plaintiff(s) private property with no notice, making unauthorized changes and abstractions with the intent to further damage the property as a means to create violation and causing damage to the Plaintiff(s) private property.

9. Plaintiff(s) continued to address the problem during the 2020 COVID –19 shut down however Defendant(s) Planning Director said he had no jurisdiction and Defendant(s) referred Plaintiff(s) to the "Village" Attorney who had no information nor were they aware of any previous exchanges between the

2

**Exhibit A**

"Village" refers to a specific person in the Department of Public Works Or Water Department. The "Plaintiff(s) recently has been given no direct person of contact. Everyone Plaintiff(s) has spoken to refers to the other as "They", or "That Department".

10. On September 21, 2022, Defendant(s) arrived at the Plaintiff(s) property unannounced, having no communication with the Plaintiff(s), and continued thru November 4, 2022. via oversight and directions from the Eric DeSantos Public Works Supervisor who called the police during the first visit, and sent Micheal DeYoung out on October 27th who damaged the shutoff valve installed on September 21st in the Plaintiff(s) driveway by the Defendant(s) and caused damages in the amount of $2000 to Plaintiff(s) warehouse. Defendant(s) continued to purposely violate Plaintiff(s) order to Cease and Desist from entering the property. Defendant(s) returned on November 4, 2022, intentionally creating more damage, disfiguring the entire parkway, causing infrastructure damage, etc., and publicly humiliating and intimidating Plaintiff(s).

11. The Plaintiff(s) has found that other Defendants(s) involved are Elected Officials, employees, and, or supporters of the City Government via contract or referral, and have knowingly and willfully participated in the deceptive actions pertaining to Plaintiff(s) Real Estate Property known as 183-185 West 162nd Street or 813 Cherry Lane South Holland, Illinois since on or about 2013. Defendant(s) has also refused to make corrections in compliance with state and county laws to update municipal land records impacting costly property taxes that have been imposed. and has used deceptive practices giving misinformation to potential lessees and the Plaintiff(s) to gain control of the Plaintiff(s) property by attempting to sell delinquent real estate tax certificates and through deception using municipal ordinances to deprive Plaintiff(s) rights of Due Process.

12. The Defendant(s) have directly or indirectly interfered with Plaintiff(s) ability to operate their businesses, using numerous actions to force the Plaintiff(s) to pay false penalties, interrupting water utilities to pursue Defendant(s) overall goals in taking possession of Plaintiff(s) property. The Defendant(s) actions have prolonged and intervened Plaintiff(s) plans and attempts to successfully secure financing and to operate and complete the development of Plaintiff(s) property in a timely manner.

13. On or about August 26, 2021, Larry DeYoung Defendant(s) "Village Trustee" was present at the Plaintiff(s) property with potential buyers to sell tax certificates by which monies purportedly would have to be expended and or municipal credits advanced for non-public purposes in contravention of the Illinois Constitution and Illinois Criminal Code. According to County records Fair Deal Of Illinois Inc. is a Domestic BCA with FNA, NP, LLC as its Holdings arm, and both companies are owned or managed by Rieter Law Office, LLC. Defendant(s) asserted to Plaintiff(s) during his visit that the Village of South Holland would have to be addressed concerning the property taxes.

14. Plaintiff(s) were never informed by Defendant(s) of any actions pertaining to the tax certificates that were being purchased or sold by the "Village".

15. To date Defendant(s) continue to send workers to the Plaintiff(s) property in complete disregard for Plaintiff(s) request to Cease and Desist entrance to the property without notice. All measures previously

3

# Exhibit A

four seven-hour work days driving six separate "Village" vehicles that filled the entire front parking area and side driveway, and blocking Plaintiff(s) parking entrance while Plaintiff(s) were parked in the lot to dig and defacing the parkway in front of Plaintiff(s) property, pretending to install a B-Box and water shut-off valve and at one point cutting the chain link gate to the rear entrance of the property, etc. without notice to purposely impede upon the Plaintiff(s) ability to operate day-to-day business functions, build capacity, lease to tenants and, or develop their property.

16. Furthermore, Defendant(s) are using their faulty practices and discriminatory acts as grounds to deny issuance of Plaintiff(s) 2023 business licenses and renew Plaintiff(s) 2022 Tax Incremented Funding (T.I.F.) application. The "Village" annual renewal of business licenses starts in December and ends on January 31st of every year. The 2023 renewal deadline was extended until February 14. 2023.

17. Plaintiff(s) sent in renewal applications with payment on January 19, 2022, but has yet to receive business licenses. Surrounding businesses have received their licenses to operate but Plaintiff(s) haven't. Plaintiff(s) business license renewals were delayed until April 2022 of the previous year. Surrounding businesses have the same issues with water shutoff valves and water bills but are not receiving the same treatment as the Plaintiff(s) and are being allowed to operate without harassment.

18. Plaintiff(s) property and businesses are located in an Enterprise zone that Defendant(s) have not sent information nor updates as to the status of funding or application renewal status. Without the "Village" approval of the tax incentives, the property taxes will plummet to the staggering amount that they were prior to 2012.

19. Klein Thorpe and Jenkins, Ltd. ("KTJ") publication, prepared and presented by Jurusik, Thomas P. Bayer, Thomas M. Melody, Scott F. Uhler, Everette M. ("Buzz") Hill, Jr., Kathleen T. Henn, Howard C' Jablecki, and Jason A. Guisinger, entitled "Identifying and Avoiding Conflicts of Interest, Answers to Fact pattern questions" is supportive of Plaintiff s allegations evidencing that Defendant(s) had knowledge (scienter) of the bad acts and omissions enumerated herein.

20. KTJ's other publication, "Conflict of Interest Municipal Law," is also supportive of the plaintiff s allegations evidencing the knowledge of their bad acts. (Er C)-

21. It is alleged a"no brainer" that attorneys and village Defendant(s) were and are well aware of their repeated wrongdoings with the previous owners before engaging in such bad acts with the Plaintiff(s).

22. Larry DeYoung "Village Trustee", John Watson "Director of Planning & Development" and Eric DeSantos "Public Works Supervisor" aided and abetted the violations herein and oversaw the improper use of municipal monies, power, and resources. But for the Trustees' participation, approval, and complicity, the frauds and civil rights violations alleged herein could not have been executed.

23. Village Defendants and alleged actions in a concert of actions and the private purchase of Plaintiff(s) taxes by "Village Officials" and, or Employees with the intent to sell a certificate for personal gain that was void by the courts on or about September 5, 2018, as a "Sale In Error", infra, evidence a failure to act in the best interests of the community, residents, tax-payers, and Plaintiff in their repeated' systemic

4

**Exhibit A**

violations of the RICO predicate acts, the U.S. Constitution, Illinois Constitution the Illinois criminal Code, the Corrupt Practices Act, and the Village Code

24. As a direct result of the Defendants' bad acts and failures to act, Plaintiff(s) has been injured in her property, her business, and her person. Further, the damages to the Plaintiff(s) property combined with the impairment of the marketability thereof for over five years has resulted in the pending foreclosure action against Plaintiff, thus this action is pled as an emergency

25. Plaintiff(s) is filing this action against the Village of South Holland and its representatives to stop the harassment, discrimination, and violations of her Civil Rights. Plaintiff(s) seeks to recover actual damages, punitive damages, attorney fees, and any fees and costs, plus interest, in an amount not fully determined at this time, but in excess of $1,000,000.00.

## PARTIES

26. A'ndrea A. Paxton is an Urban Planner specializing in Land Development, and Legal Research, Policy, and Procurement who is a certified DBE and WMBE and resides in the state of Illinois, and that she is the Director of F.A.M. Development Inc., an Illinois Corporation and owner of 183-185 West 162nd Street or 813 Cherry Lane located in the Village of South Holland, County of Cook, state of Illinois.

27. On or about August 26, 2017, Plaintiff(s) and the previous partner completed an agreement that started on or about April 5, 2017. Amendments were made to the agreement again on or about October 19, 2017, that John E. Collins had 55% real estate ownership as a silent partner maintaining all day-to-day operations of John C Studios located on the real estate property and all utility expenses. Plaintiff(s) A'ndrea Paxton and F.A.M. Development Inc. handled all real estate property oversight, development, leasing, building management, maintenance, and communication with the Defendant(s). The real estate property was scheduled to be financed, Plaintiff(s) would be refunded $250,000.00 and make a decision on continuing to partner into the next phase on or by July 2018.

28. The above decision was made after Plaintiff(s) met with Defendant(s) John Watson Director of Planning and Development at that time. The Defendant(s) were given a written proposal, plan, and initial agreement between the two parties as proof of intent. Defendant(s) Watson then verbally guaranteed his support and agreed if Plaintiff(s) corrected violations and took site control that after inspections were passed Defendant(s) would issue business licenses. The Plaintiff(s) would then have the option to enter phase 2, making the re-investments to accomplish refinancing in 2019 to continue growing the businesses as payment for tax arrearages were paid, and with the help of T.I.F. programs to reimburse portions of the rehab, the real estate could match the $1,000,000.00 market valuation of neighboring properties half its size on or by 2025. Plaintiff(s) found out that Defendant(s) were deceptive in the transparency of their private/personal interest and involvement to ruin "Plaintiff(s) investment. According to the attached documents and their actions, the Defendant(s) had no plan to follow through with what had been agreed unless their personal goals were met by the sale of previous tax certificates that Defendant(s) did not disclose as a member of the Municipal Government of "The Village Of South Holland.. **Exhibit 1-5: Letters to Defendant(s)**

# Exhibit A

29. The Plaintiff(s) Property is a Commercial/Industrial Office Space and separate Warehouse located in the Village of South Holland TIF District on the Southwest side of 162nd Street, South Holland, Illinois with the following addresses and pin numbers: **Exhibit 1-5: Property Description and Pictures**

- Postal Address: 183-185 West 162nd Street South Holland, IL 60473
- County Record Address: 813 Cherry Lane South Holland,  IL 60473
- Pin#29-21-200-062-0000(Office)          Pin#29-21-200-060-0000(Driveway)
  Pin#29-21200-042-0000(Warehouse)

30. The Defendant(s), The Village of South Holland ("the Village"), is an Illinois municipal corporation, a body politic, existing by virtue of the laws of the State of Illinois. The Defendant(s), John Watson, is sued in

31. his official capacity as past Director of Planning and Development, and as present Director of Business Vitality, Executive Director, of South Holland Business Association, and in his official role as a Village of South The concept, underlying enterprise zones is that by reducing government regulation and taxation in economically depressed areas will stimulate local business enterprise and investment that would otherwise not occur. This is accomplished through state and local tax incentives, regulatory relief, and improved governmental services.

32. The Defendant(s) Larry W. DeYoung is a "Village Trustee" for the Village of South Holland, He is sued in his official capacity as a Member of the Village Board and Committee Chairman of the Community Development Committee. Defendant(s) sits on numerous other committees.

33. The Defendant(s) Eric DiSantos is a "Public Works Supervisor" for the Village of South Holland, He is sued in his official capacity as a Member of management for the Public Works Department of the Village of South Holland.

34. The Defendant(s) Michael DeYoung, is a "Public Works Manager" for the Village of South Holland, He is sued in his official capacity as a Member of management for the Public Works Department of the Village of South Holland.

35. The Defendant(s) William I. Sandrick of Sandrick Law Firm LLC, a law firm located in the Village of South Holland, who specializes in real estate tax law and property valuation.

36. Previous owners F.C. Treadway Inc., Micheal Walsh, and John E. Collins are only being mentioned for the sake of supporting facts, giving timelines, and pertinent information proving the Defendant(s) patterns of negligence.

6

**Exhibit A**

## JURISDICTION AND VENUE

37. Venue and jurisdiction are proper in the Circuit Court of Cook County pursuant to 735 ILCS5/2-103(a) because the Village of South Holland is a resident of Cook County and because all of the Village of South Holland's actions and enforcement of their ordinances and resolutions will occur in the County of Cook and the State of Illinois.

## FACTUAL BACKGROUND

38. Plaintiff(s) is a Black-African-American Minority Female business owner with a productive career as an independent contractor in Urban Planning for which she conducts legal research, policy, procurement, and valuations to secure funding for certain public and private corridor and real estate development projects for economic improvement in an area or to stimulate positive economic growth. Mr. Collins requested Plaintiff(s) assistance as a consultant and soon thereafter disclosed that he had fallen into financial disparity and asked that Plaintiff(s) partner with him to save his home and real estate commercial real estate investments. Plaintiff(s) was able to help save Mr. Collin's home however the business venture had several underlying issues so other arrangements had to be made.

39. Shortly after Plaintiff(s) entered into an agreement with the previous partner Mr. Collins as previously stated, Plaintiff(s) found major conflicts and deception between the previous two owners and Defendant(s), and that several code violation tickets were issued. The Defendant(s) charged both occupants penalties for violations, penalizing Mr. Walsh (Owner) a total of $1,014.76 and John Collins (Tenant) $2,250.00 totaling $3,329.52. Mr. Collins actually paid the penalties for both parties and was very upset that each violation had more than doubled the original cost. The violation dates according to the hearing document were made on or about February 2017. Walsh and Collins closed on 04-12-2017 however Defendant(s) proceeded, scheduling a hearing for July 10, 2017, showing the violations as an unpaid lien on the real estate title. Plaintiff(s) had just begun to work through the paperwork and did not personally witness any of the original citations nor were they involved as a consultant. **Exhibit 1-6: April 2017 List of Code Violations and Paid Receipts.**

40. The Plaintiff(s) was not informed and did not discover the entire system of deception involved in this matter until much later, and that previous partner "Mr. Collins" began leasing to own the real estate from then-owner Micheal Walsh and interred into an agreement as a partner business owner on or about May 8, 2015, but had no guidance nor was Mr. Collins told that his business had to be registered and licensed with the Defendant(s) by Mr. Walsh.

41. Micheal Walsh purchased the property in 2013 but was only able to find lessees once he and Mr. Collins Partnered in 2015. Mr. Collins asserted that the relationship between him, Mr. Walsh, and Defendant(s) Mr. Watson, had become contentious when Defendant(s) Mr. Watson, other Employees, and or Defendant(s) Elected Officials of The Village of South Holland's allegedly began writing tickets on the real estate property with a specific focus on the warehouse. In 2016 after Mr. Collins took over and Mr. Walsh closed Auto Future and Walsh & Sons, Moved to Wisconsin and filed for Bankruptcy in 2017 without

# Exhibit A

informing the Defendant(s) and the Defendants refused Mr. Collins or any potential tenants' business licenses in an effort to shut down his business and take possession of the real estate property.

42. Records of previous transactions and a phone message saved by Defendant(s) were presented to Plaintiff(s) as proof of disputes that escalated into verbal threats of bodily harm to Defendant(s) Mr. Watson.. Mr. Collins had invested a large sum of money with his aforementioned business partner Michael Walsh and made claims that Defendant(s) from the Village of South Holland had allegedly participated and were aware that he was being taken advantage of and only wanted possession of the property. **Exhibit 1-9: Copies of Mr. Collin's lease and receipts that support the allegations**

43. Defendant(s) Mr. Watson disclosed that the breakdown in communications was due to the owners and their business choices and failure to communicate with Defendant(s) before choosing lessees for the real estate. Mr. Collins did have a questionable clientele and friend circle. Plaintiff(s) informed Defendant(s) that Mr. Collins had receipts for approximately $250,000 in transactions, repairs, and investments under the pretense that Mr. Walsh was paying back taxes and that he would sell him the real estate. Mr. Walsh also misled Mr. Collins that when they closed on or about April 2017 the taxes were current with the exception of what was paid when they closed on the property.

44. Plaintiff(s) visited the property, saw the potential, and began to intervene by assisting Mr. Collins as a consultant, noticed the defects in the deed between Mr. Walsh and Mr. Collins and immediately asked that the deed be correct before entering any further contracts or agreements with Mr. Collins. The updates were made between the two parties and Plaintiff(s) proceeded. Plaintiff(s) had a second meeting with Defendant(s) Mr. Watson and inquired as to why transfer stamps were issued by Defendant(s) and parties were allowed to close the real estate transferring title if Mr. Collins wasn't going to be given a license to operate. Defendant(s) Mr. Watson stated that under no condition would Mr. Collins be issued a license to operate the previously mentioned business JJEC Corp. which was operated as a recording studio, and after what had taken place between them prior to my working with Mr. Collins. **Exhibit(s) 1-5: Corrective Title and Deed**

45. Plaintiff(s) worked with Mr. Collins on improving his business acumen and structure to thoroughly put together a plan for the completion of redevelopment on the front property for financing on or by July 2018 and refinancing by December 2019 while leasing the rear warehouse and completing the sale or refinance at full market value on or by 2025. Plaintiff(s) relocated the offices for, F.A.M. Development Inc, Small Business Office Logistics & Mail Center, and a Hybrid office location for Illinois Black Wall Street onto the location, with the previous owner Mr. Collin's, "John C. Photography Studios". Defendant(s) assured Plaintiff(s) that all would be done to aid and assist in the positive forward movement on the redevelopment; Re: Class 8 Incentive, Facade Programs, Development Reimbursement, and all other Business Development Assistance Programs made available by the Defendant(s). Exhibit(s) **1-5: Class 8 Incentive, Facade Rebate, Repair Bid Comparables**

**Exhibit A**

46. Plaintiff(s) leveraged their private investment reserves to address and resolve all violations concerning the real estate, including problem lessees from aforesaid owners. Plaintiff(s) and Defendant(s) confirmed an inspection day on December 18, 2017. Defendant(s) Eric Bruinsma, Fire Inspector, and another unidentified code inspector came out to inspect. Defendant(s) completed the inspection leaving some minor instructions. Plaintiff(s) real estate was cleared for business licenses to be issued on December 21, 2017. Defendant(s) returned on January 29, 2018, completed final inspections, and cleared all violations on the real estate. The Plaintiff(s) have maintained the upkeep of the premises. To date, Defendant(s) have not sent a release of lien letter to Plaintiff(s) or the Cook County Recorder of Deeds to clear the real estate title to date. **Exhibit(s): 1-8 Inspection Clearance.**

47. Plaintiff(s) moved forward progressively in efforts to clear the title to real estate facing one roadblock after another, and although Defendant(s) Mr. Watson verbally expressed his relief. Defendant(s) referred to the problemed history with the real estate property but never disclosed to Plaintiff(s) having tax certificates or how involved Defendant(s) had been with previous transactions. Plaintiff(s) was caught entirely off guard by the actions of the Defendant(s) and had no previous negative interactions with anyone involved during that time. Plaintiff(s) and Defendant(s) John Watson, had what would be considered a professional but friendly and cordial work relationship throughout their twenty-year professional career which are somewhat similar roles in planning, and development.

48.. The Plaintiff(s) were unable to secure funding in 2017-2018 due to the owners of Extra Space Storage a neighboring business that purchased delinquent tax certificates to cure arrearages and recorded a tax deed on the warehouse property with the PIN ending in 042. A recording error was successfully done over a period of time however Plaintiff(s) lenders knew of the issue and Plaintiff(s) was instructed to wait for six additional months **Exhibit(s): 1-12:(Copy of Tax Lien, Release of Title, and Emails between Plaintiff(s) and Attorney for Extra Space Storage)**

49. The Facade Rebate Program was introduced in 2019 and only gave a $50,000 maximum grant totaling a 50% rebate if all contractors were local and licensed by the Defendant(s)Village of South Holland. Plaintiff(s) needs are for a minimum of $100,000 facade makeover. Plaintiff(s) made the exterior development part of the three-phase redevelopment process. The pricing comparables were extremely higher from local "Village" Contractors compared to other licensed contractors outside the village and the contractors being used by neighboring owners. Resurfacing the front parking. side driveway and landscaping only are as low as 15% of bids presented by the Defendant(s) vendor prices. Every improvement Plaintiff(s) suggested that should've been covered under the Facade Rebate Grant was said not to be covered by Defendant(s) Mr. Watson. To date Plaintiff(s) have not been able to use the grant due to Defendant(s) stipulations.

50 Plaintiff(s) have crowd investors who will secure funding for development projects that are not

9

# Exhibit A

lender qualified, and began steps to secure financing around or about August 2018 to cure the cost of investments and complete the 1st phase of contractual agreements with Mr. Collins but found additional defects on the real estate title and description due to numerous oversights on behalf of the Defendant(s). Funders also turned down Plaintiff(s) for financing due to the property description. The real estate property has three separate property PINs and three addresses but lists one with Cook County as one address.. Plaintiff(s) applied for a blanket loan but would have to finance each PIN separately, causing the interest to double and the loans on each building would not equal the proposed market nor cover all back taxes at that time.. Plaintiff(s) crowd funders will take certain risks based on Plaintiff(s) positive history however Plaintiff(s) is reluctant to possibly lose her investors after finding out finding the previous oversites and now the unresolved issues on back taxes that weren't settled through the assessment process nor in the 2013 closing. **Exhibit(s): 1-3 (Copies of Cook County Tax Bill and Pictures of the Real Estate)**

51. The Postal Address is 183-185 West 162nd Street South Holland, Illinois reflects the change in zoning from residential to commercial however the Cook County Tax Records show 813 Cherry Lane, the original residential address. The property has three real estate property tax PINs representing an office building with the real estate tax PINs ending in 062, a driveway at 813 Cherry Lane ending in 060, and a warehouse building with a real estate property tax pin ending in 042, and that the entire real estate property has existed this way since on or about 1978 according to county records and land surveys. After the property was rezoned from residential to Commercial the records were not updated to reflect the current use and eliminating 813 Cherry Lane which is a driveway and legally zoning the property as 183-185 West 162nd Street only. According to mapping records there is no legal mapping of a current or historical street named Cherry Lane in the commercial/industrial area of South Holland.

52. According to Cook County Tax Records Defendant(s) Sandrick Law firm filed appeals from tax years 2012 to 2016 according to county records. Attached is the legal contract and agreement between Defendant(s) and Mr. Walsh from 2014 -2016 signed the same month of Mr. Walsh's closing. Mr. Walsh asserted that Attorney Sandrick's Law firm specializes in property tax appeals and that the firm was referred to by Mr. Watson. **Exhibit(s) 1-3 (Real Estate POA, Legal Agreement May 8, 2013)**

53. Oddly Adjustments were made for every year except for the year Defendant was to have started, year 2012 taxes payable in 2013 nor were the taxes settled in the closing between F.C. Treadway Ziwi Inc. According to Cook County Assessor records in 2013 when Mr. Walsh purchased the property, taxes for 2012 were as follows: 060 ($2,482)+062($125,683)+042($80,000)=$208,165.00 for one year while the seller was in financial despair and the new owner Mr. Walsh occupied the property with no tenants and no reported profit for 2013 or 2014.. The HUD-1 #1304 2nd Installment 2011 (042) $7,037.73; #1305 1st Installment 2012 (042) $6,650.06; #1306 2nd Installment 2011 (060) $620.30; #1307 1st Installment 2012 (060) $621.98; #1308-1 2nd Installment 2011 (062) $13,780.64; #1308-2 1st Installment 2012 (062) $11,867.37. When Mr. Walsh and Mr. Collins closed in 2017, there was an attorney representing Mr. Walsh but there was no title company, and taxes were only paid on 060 and 062. The Defendant(s)was directly involved and Knowingly allowed a transaction

**Exhibit A**

to take place in 2013 and 2017 with outstanding taxes that were purchased by the Defendant(s) in 2015 but according to tax records, the sale was vacated in 2018 however no re-assessments had been done to the 2012 taxes. **Exhibits: 1-4 ( 2013 HUD-1 Settlement Statement)**

54. Plaintiff(s) questions Defendant(s) Sandrick Law Firm LLC several times in a conference phone call with Mr. Walsh however very general answers were given and to date, Defendant(s) who were Mr. Walsh's legal representation has not resolved the issue. **Exhibits: 1-12 (Tax Assessment and Appeal History)**

55. Plaintiff(s) has been in contact with Cook County Assessor Incentive Department  Ira Horwitz concerning Class 8 and filed paperwork for approval of the incentives from 2016 through 2022 and a recent written request and application for the Defendant(s) to renew the incentive upon expiration in 2022, and has filed Appeals with the Cook County Board on all previous and current year assessments. Without the Class 8 incentive and the proper assessment values based on the last 10 years' loss of revenue, the property taxes are unstable and will continue causing the Plaintiff(s) financial disparity unless corrections are made by the Defendant(s) and the County that would not cause Plaintiff(s) to pay arrears with the possibility of losing their investment due to a situation imposed by the Defendant(s).**Exhibit(s) 1-3 ( Appeal and Class 8)**

56. According to previous appraisals, there is no comparable Real Estate Property exact to Plaintiff(s) in the area, and based on the property description, making the market value is questionable. This situation causes opposition due to the market and appraised value quotes showing the most value on the entire property. Although Plaintiff(s) have invested and made upgrades to the office property it is occupied by Plaintiff(s), and there have been no updates to the warehouse due to interference by Defendant(s), and, the updates to the office building are not enough to support an assessment of more than $20,000.00  per each Real Estate property, excluding the vacant land.

57. The Plaintiff(s) parking lot entrance and driveway as previously discussed is described on the Cook County Tax Record as being 813 Cherry Lane and taxed as a vacant parcel of land costing as much as $5,500 per year. And has remained this way since on or about 1978.  Plaintiff(s) explained to Defendant(s) that the previously described issues could be resolved if Defendant(s) cooperated in changing the land description and amending zoning ordinances applicable to the real estate property's actual description impacting County and State tax rates, making the property more affordable but suitable to its market design increasing its value. **Exhibit(s): 1-5**

58. The Plaintiff(s) lost her mother then her husband to cancer and worked mobile for a period, and due to a major conflict in business ethics, interest, and transparency while Plaintiff(s) was absent, On or about September 10, 2019, the Plaintiff(s) dissolved the partnership and made a settlement with Mr. Collins taking 100% ownership and control of the real estate to save her investment.  Mr. Collins asserted that his breach of contract was the result of a conversation with Defendant(s) Mr. Watson, making the suggestion that Mr. Collins did not need to consult with Plaintiff(s) to make decisions pertaining to the real estate.

59. Plaintiff(s) visited the Defendant(s) clerk's office to obtain updated transfer stamps if needed, while working with the Cook County Recorder of Deed to followed thru with recording the previously mentioned Quit Claim Deed and transferring the water bill information on both properties to F.A.M. Development Inc.

# Exhibit A

60. On or about September 25, 2019. While at Defendant(s) Clerk's Office an African American Male that was later identified as Bret Scott "Deputy Clerk" greeted Plaintiff(s) and started working on the request for a Certificate of Payment "Deed Change Only". Mr. Scott was processing the information when an older Caucasian female who was later identified as Barbie Harris snatched the documents from his hands and proceeded. She was asked to transfer both water bills to the property into the Plaintiff(s) Corporation name "F.A.M. Development Inc" but because the last transfer wasn't done correctly she got frustrated..

61.. Defendant(s) Harris rudely gave a verbal quote of $100,000.00 for the water bill, and in addition, demanded payment for delinquent code violations totaling $3,150.00. According to the printed history of the water bill, there was a misquote by Ms. Harris and the document showed a total of $11,128.59. When the Plaintiff(s) corrected Ms. Harris and presented receipts showing that the previous violations were addressed, paid, and cleared in the previously mentioned April 2017 closing but not updated in the "Village" database, and pointed out that the water bill had been consistently incorrect for some time the Defendants(s) became disgruntled and shouted: "The corrections won't be done today".

62. Plaintiff(s) never raised her voice but expressed her frustration and asked for a printout of the water bill and the procedure to contest the charges. Plaintiff(s) made reference to November 20. 2018 pass due water bill in the amount of $43,844.92 and June 29, 2019 bill pass due to amount of 87,166.69 Defendant(s) Mr. Scott kindly argued the inaccuracies to Ms. Harris and that there had been a typo, and the previously mentioned clerk shouted at Mr. Scott, snatching the paperwork from his hands, and shoving it under the glass window toward Plaintiff(s). Mr. Scott made some notes on the application for a certificate of payment document and returned with an adjusted water bill amounting to $2,796.11 but the penalties for the previously paid violations remained to make the total cost $5,946.11. Plaintiff(s) told Mr. Scott about the previous issues with the water bill and that a new meter and retrofit had been installed in 2017. Mr. Scott asserted that "The Water Department needed to check the meters. He contacted the Water Department and scheduled an appointment for October 4, 2019. **Exhibit(s) 1-5**

63. As previously mentioned owners were charged penalties and although the violation fines were paid on April 11, 2017, as shown on receipts 93229 and 44339. Defendant(s) proceeded with placing a municipal lien on the real estate through the Cook County Courts on July 10, 2017. Instead of referencing the four citations 27041, 27046, 27047, and that ticket number #30034 was recorded on each PIN in the amount of $750.00 on all three PIN numbers **Exhibit(s)1 Request for Cook County Court Docket #1727247098**

64. Defendant(s) from the Water Department identified himself as "Martin" came out with two other employees and checked the meters on both properties on October 4, 2019. The Plaintiff(s) inquired about the location of the main shut-off valve that should have been located according to Federal, State, and Municipal codes 5ft from the curb. There was no shutoff located on the parkway. Defendant(s) then used blue spray paint to trace the water line from the warehouse, down the driveway directly northeast rear of the office building where the B-Box was completely covered with asphalt and was not visible nor reachable and further northeast down the driveway to the front parking lot near the electric pole where he left a blue marker but never found a shutoff at that time. We discovered that the names on the bills were transposed and that the water meters billed

# Exhibit A

to John Collins #0210174000 (Rear Warehouse) and "Auto Future" Micheal Walsh was the name on #0210173000 (Front Office) billing. An excessive water use penalty was charged and a new meter was installed in 2017 as well. The new meter was programmed to read backward as seen in the pictures showing over 9 thousand gallons of water used each month thereafter. As stated previously Mr. Walsh sold the property contract for deed, and he sold the property via Warranty Deed to Mr. Collins, then shortly thereafter filed bankruptcy on or about November 30, 2017.  Both water bills should have been transferred to the name of the John Collins and, or JC Photo Studios. Defendant(s) continued to knowingly bill in the name of the previous owners to date. There was no further response from Public Works or the Water Department. **Exhibit(s) 1-: Pictures and Video of the meters and the Defendant(s), Water Bill Summary with Meter Numbers from 2017-2019**

65. Plaintiff(s) contacted Defendant(s) Watson who was still "Director of Planning and Development" for several weeks getting no answer or response to messages left on his office phone.  Plaintiff(s) visited Defendant(s) office in November 2019 hoping to get some directives on the water bill but Defendant(s) went to his computer directly and logged onto the Recorder of Deeds website and responded to Plaintiff(s) request by saying quote " I think you need to correct this title problem first". Defendant(s) previously wanted no contact with Plaintiff(s) previous partner Mr. Collins however his response supported Mr. Collins earlier assertions as to the Defendant(s) advice to him and involvement to undermine the development of the property. Plaintiff(s) text Mr. Watson concerning the messy handling and deceptive practices. As seen in the attached text message, Mr. Watson, who had been the point of contact for all prior concerns or requests, quickly responded that he had no knowledge or jurisdiction in the matter and went on as usual with how helpful he's been, denying wrongdoing and defending the Village of South Holland.

66..Plaintiff(s) continued to contact the "Village" and was eventually instructed by Defendant(s) "Clerk's Office" to contact the "Village Attorney" Timothy C. Lapp, who said he had no understanding or information as to why Plaintiff(s) had been instructed to contact his office. nor did he have any paperwork from the Defendant(s).

67..Plaintiff(s) Quit Claim Deed was recorded on January 2, 2020. Documents were mailed to the "Village" during the 2020 COVID-19 shutdown. Copies of the recorded Quit Claim Deed, Transfer Request for Public Works, Water/Infrastructure, and billing update request were mailed to Defendant(s) Watson's attention with the attached notarized cover letters containing all of the documents previously mentioned on or about January 10, 2020. **Exhibit(s): Documents sent to the village during the COVID-19 shutdown.**

68. On or about August 6, 2021 Defendant(s) Larry Deyoung "Village Trustee" visited Plaintiff(s) property showing it to prospective buyers for the Plaintiff(s) warehouse property.. Mr. Deyoung holds several offices on the "Village" Board. When Plaintiff(s) confronted Defendant(s) DeYoung, he quickly made a point that his family were the original owners of the property and then went on to estimate the back taxes at $500,000.00 and suggested that Plaintiff(s) should speak with the "Village". Plaintiff(s) questioned Mr. DeYoung as to whom she would have to speak, and his understanding that there were no legal Tax Deeds recorded and that no court documents were issued to do so.. Plaintiff(s) mentioned that they had been in communication with the Planning Director "John Watson" but he has never mentioned the "Village" having any

13

# Exhibit A

ownership of the property. Plaintiff(s) also mentioned their rights to Due Process had been violated. Defendant(s) nor any other entity had contacted Plaintiff(s) at that time nor any time since that date..

69. Plaintiff(s) found out through the Cook County Assessor and Treasures of that the Defendant(s) have a third-party purchaser Fair Deal Of Illinois Inc. a Domestic BCA with FNA, NP, LLC as its Holdings arm and that both companies are owned or managed by Rieter Law Office, LLC. The firm has purchased taxes on the property since or about 2015, And that Defendant(s) have made it difficult to sell, finance, or refinance the Plaintiff(s) real estate property by continuously clouding the title. Defendant(s) are trying to collect on their investment plus interest as private entity instead of working with Plaintiff(s) as a Municipal Government Entity to settle previous, overassessed taxes and to help Plaintiff(s) efforts to redevelop the property bringing a sustainable revenue and value to support the tax base. **Exhibit: Proof of Tax Sale Payments and Buyer.**

70.. On or about December 2021 the "Village" introduced a new online business renewal system. The introduction gave deadlines for renewal however the online system was not processing the information properly and the "Village" publicly announced the glitch however surrounding businesses had received business license renewal via mail-in application yet Plaintiff(s) had yet to receive their licenses and had applied and paid by the required January 2022 deadline. After numerous phone calls and emails that began in February 2022, Plaintiff(s) was finally able to speak with Defendant(s) Mr. Watson via a lengthy phone call where Defendant(s) asked the Plaintiff(s) for a Username and Password and logged onto Plaintiff(s) business data file, to allegedly make corrections that were allegedly causing the Plaintiff(s) business licenses to be delayed. Plaintiff(s) expressed the importance of having 2022 business licenses on or by March 10, 2022, to meet deadlines for funding proposals due through April 10, 2022. At the end of the phone conversation,

71. Defendant(s) Mr. Watson said he would personally deliver Plaintiff(s) licenses. On or about April 20th Plaintiff(s) contacted Defendant(s) Mr. Watson and was informed that he mailed the business license. All of Plaintiff(s) funding proposals expired except one. Plaintiff(s) business license did not arrive until on or about April 25, 2022. Efforts were then made to schedule an appointment to discuss development incentives and renewal of the 2022 Class 8 incentives but were given vague answers and avoided meeting with Plaintiff(s). To date Defendant(s) Mr. Watson has not called Plaintiff(s) to schedule an appointment.

72. On September 21, 2022, at 7:15 a.m. the 1st of 4 employees from Defendant(s) "Public Works Department", arrived at Plaintiff(s) property and parked in the front parking lot of the building. At or around 7:30 two male employees also drove into the parking lot. The Men respectfully stated their names" When Plaintiff(s) questioned their presence on private property with no previous appointment or arrangements to be there, The Defendant(s) quickly responded that they weren't required to give notice. They then stated that they were within their rights via their Defendant(s) Supervisor Eric DiSanto who instructed them to enter the property to shut off water to the rear building for non-payment.

73. The workers drove onto the east side of the front property into the driveway and began using a saw to cut into approximately 6 inches of asphalt in efforts to dig out and replace a 60-plus-year-old B-Box "Buffalo Box" or "Water Flow Control Valve", located approximately 5ft under the ground. As seen in the video and the picture, the pre-existing valve and casing were corroded and came apart when the asphalt was lifted. The

# Exhibit A

Defendant(s) failed to make the proper updates to its public water line infrastructure and relocate the water shutoff on the public utility parkway as stated in section 21-36- Shut Off boxes of the Village of South Hollands Ordinances. **Exhibit(s): City Ordinance**

74.. Defendant(s) Eric DiSantos was rude and left, but later returned with the South Holland Police, who agreed that the Defendants were on private property but said because it was the Village's water lines they were not trespassing however that Plaintiff(s) could continue video recording as long as they were not in close proximity of the Defendant(s) working. During the procedure as heard in the video, the Defendant(s) DiSantos and the workers stated that they were turning off the water line to 185 West 162nd Street (Vacant Warehouse) located on the rear east side of the property, not 183 W. 162nd. When Defendant(s) completed the previously mentioned installation they filled the hole with white pebbled rocks and left saying that they would be back the following week to replace the asphalt.

75. Defen.dant(s) who identified himself as Michael DeYoung from the Public Works Department came to the Plaintiff(s) property on Thursday, October 25, 2022, at or about 2:30 p.m. and turned the newly installed shut-off valve until it stripped, creating a force in the flow of water so strong and loud it shook the office building. The pressure also burst the main shutoff valve on the inside of the warehouse which has been shut off and vacant since 2017 and checked by the Defendant(s) for leakage in 2019.

76. Plaintiff(s) rushed outside as Defendant(s) was speeding out of the driveway in reverse. Defendant(s) stopped after seeing Plaintiff(s) watch as they backed away. Defendant(s) then got out of the vehicle and walked towards Plaintiff(s) while contacting Defendant(s) DiSantos on his cellular phone. Defendant(s) DiSantos entered the driveway within minutes. Defendant(s) DeYoung then asked if he could "see something" with the front property's water meter. The Plaintiff(s) was interrupted while working via virtual meetings and told him that she would make an appointment so a Plumbing Engineer could be on the premises to access what was being done. Defendant(s) sat in the parking lot talking amongst themselves and left after about 10 minutes. Defendant(s) did this to retaliate because after being told that they were trespassing. The series of actions imposed by Defendant(s) made Plaintiff(s) feel very uncomfortable and reluctant to allow any changes to the meters on the property until an independent licensed plumber made an assessment. The plumber was able to evaluate the property on Thursday, October 27, 2022, before Defendant(s) DeYoung maliciously stripped the new shutoff valve. The plumber was called to return on Monday, October 31, 2022, for emergency repair of the damaged valve inside of the warehouse, resulting from the previously mentioned incident. Defendant(s) came back and filled the area in the driveway with asphalt to cover up what had been previously done on October 27, 2022. **Exhibit**

77. Plaintiff(s) hired Simmons Plumbing which is a licensed and bonded Union Plumbing Business. And that the plumber could only make it out after 4:00 p.m.. According to the Defendant(s), his work day is from 7:30 a.m. until 3:00 p.m. Plaintiff(s) wanted clarity from an outside source to confirm what the Defendant(s) were doing. Plaintiff(s) paid $2000.00 to repair the warehouse valve and have mold remediation. The assessment confirmed that although Defendant(s) Mr. DeYoung claimed that he wanted to be of assistance but was brought to cause more problems under the instruction of Mr. DiSantos who is his supervisor. **Exhibits**

# Exhibit A

**1: Invoice, Pictures of Damage to valve**

78. Plaintiff(s) requested Mr. DeYoung's cellular number and communicated with him via voice or text starting October 25th. Defendant(s) Mr. DiSantos and DeYoung visited the property several times after the previously mentioned incidents. On or about Monday, November 2nd and 3rd Defendant(s) made marking and dug up the entire parkway as if they were installing a B-Box/shutoff valve in its proper location on the parkway but didn't. Instead, they found the old shutoff located at the grass line of the northeast corner of the driveway. Plaintiff(s) were in the building working and parked in the front parking lot. Defendant(s) DiSantos and DeYoung had been verbally asked not to trespass onto the Plaintiff(s) private property without scheduling an appointment however they completely disregarded the request. Defendant(s) entered the front parking lot, blocking the entire parking lot and entrance with 5 vehicles having one individual per vehicle with the intent to intimidate, disrespect, and publicly shame the Plaintiff(s).

79. The Defendant(s) left the curb and front parkway in complete disarray and did not cover the sewer drain while digging, allowing large amounts of soil to fall into the sewer drain. The soil and debris pushed into the sewer drain have created mud. Plaintiff(s) complained, Defendant(s) DeYoung and he sent workers out to somewhat level the parkway and cover it with artificial grass. As of November 22nd the area previously dug up by the Defendant(s) has sunken and formed a trench which usually indicates that a pipe may have been busted underground while Defendant(s) were digging and caused erosion of soil. **Exhibits: Pictures**

80. The Defendant(s) have gone to great lengths to disadvantage Plaintiff(s) efforts in developing, that include cutting the Plaintiff's gate to the rear property in efforts to seek motives for generating municipal violations as they've done in the past. Plaintiff(s) has been treated as if they are stealing water, and was completely disregarded as business and/or property owners. Defendant(s) were asked to announce and schedule their work instead of showing up and disrupting Plaintiff(s) work day. According to Defendant(s), they don't have to announce their presence. Although the Plaintiff(s) were on the premises working and a vehicle was parked outside with loud noise. No one contacted Plaintiff(s) via phone or any other communication. Defendant(s) Mr. DeYoung later stated that he asked Plaintiff(s) to install meters however he didn't mention changing a meter until after he wasn't allowed just to walk into the Plaintiff(s) establishment unannounced with no appointment Plaintiff(s) have witnessed frequent visits to the property and tampering with the shutoff valve in the driveway. Most Municipalities have workers on GPS monitors while in official vehicles. The Plaintiff (s) concludes that the motives behind Defendant(s) actions are to create tampering fees. The Plaintiff(s) water has been completely off since about November 3, 2022, The water bill remains in the name of previous owners John E. Collins "JECC" and Michael Walsh "Auto Future. The water bill is still being billed on both properties and has ranged between approximately $16.00 - $19.00 per month on both meters however the cumulative balance taken from the vacant warehouse continues to read backward showing the usage of over 9000 gallons of water.

81. The two companies were both dissolved in 2017 and on or about July 2018 and the owners have since both filed bankruptcy. They have had no business licenses with the Defendant(s) at the Plaintiff(s) business address since on or before that time. **Exhibit(s): Business Licensing and Bankruptcies**

16

# Exhibit A

82. Plaintiff(s) were blindsided by the extreme amount of systemic roadblocks, sexist intimidation, and racist servitude expressed in this complaint however have continued to diligently rescue their investments. A certain amount of unwarranted and, or unexpected challenges have taken place however Plaintiff(s) have been presented with funding opportunities to initiate many positive development projects at this location, and Plaintiff(s) will continue to fight for equity while maintaining hope and far sight in the probabilities through engaging transparency while presenting a productive plan for the above-mentioned property that would shift future interactions with the Defendant(s) if they are willing. Plaintiff(s) had no idea or expectation as to the level of negativity and unprofessional mannerism displayed by Defendant(s).

83. The Installation of water sprinklers in Plaintiff(s)warehouse buildings is a cost of up to $50,000.00 with independent Contractors for the village quoted $83,000.00. Plaintiff(s) have numerous opportunities to subcontract with Amazon, UPS, and FedEx among others who have offered Minority Female Contracting opportunities. Plaintiff(s) have visited 10 warehousing units in the industrial district that have not replaced fire extinguishers with sprinkler systems and they have never been confronted with the demand for compliance as a condition to lease or use the space during capacity building, and that three of the units were twice the size of Plaintiff(s) warehouse, with over ten employees. **Exhibit:**

84. Defendant(s) have purposely advised prospective commercial tenants not to do business with Plaintiff(s) or quoted stipulations on the conditions of the business location that a prospective business tenant finds other locations economical or turn down proposals. Defendant(s) have offered the sale of the tax certificate on the Plaintiff(s) warehouse and has prevented Plaintiff(s) from creating income and are now trying to are trying to force the Plaintiff(s) out of business by creating economic and financial despair by turning off the water.

85. The Defendant(s) on numerous occasions have purposely advised and steered prospective commercial tenants not to do business with the Plaintiff(s) or quoted such astringent stipulations and conditions that a prospective business tenant has found situations economically feasible or the Defendant(s) have just turned down proposals. Plaintiff(s) have been mainly focused on the warehouse building until recently when Defendant(s) purchased the taxes on the driveway to the property so they could then turn the water off. **Exhibit(s) : Lessee 2**

86. Plaintiff(s) realleges paragraphs 1 through 57, and that A'ndrea Paxton is the owner of F.A.M. Development Inc. and the Real Estate Property described in paragraph 3, and that Plaintiff(s) have fully complied with Defendant(s) municipal ordinances and the Plaintiff(s) have gone above and beyond to comply with conditions for T.I.F. relief and that Plaintiff(s) have communicated the content of this complaint to the Defendant(s) and that to date every response of the Defendant(s) has created a disadvantage and despair for the Plaintiff(s) and that as a direct and proximate result of the Defendant(s) actions, the Plaintiff(s) have suffered damages

# Exhibit A

## COUNT I
## INJUNCTION OF RELIEF

87. Defendant(s) and its employee, Public Officials, and Private Business Partners have purchased delinquent taxes and ignored the state of Illinois and Cook County Scavenger sale laws not giving Plaintiff(s) Due Process. Defendant(s) Purposely violated 720 ILCS 5/21-3 and at their own discretion continues to trespass onto Plaintiff(s) private property creating situations that have caused several disadvantages to the Plaintiff(s) using malicious intent to cause damages as proof of claims for the fraudulent water bill and created violations to cause the Plaintiff(s) business to fail, financial despair and further delay in funding, financial assistant and development of Plaintiff(s) real estate property and that Defendant(s) The Village of South Holland, It's Elected Officials and Employees not be allowed to do further harm to Plaintiff(s) Real Estate Property. to show the warehouse and when Plaintiff(s) addressed Defendant concerning "due process" and the fact that his actions as a City Official under the Corrupt Practice Act Defendant is in violation Public Officers Prohibited Activities Act and that the application for tax deed was denied by the courts in 2018 and the sale a sale in error was granted to the tax purchaser and that no current tax deed has been allowed by the courts. Defendant(s) Larry DeYoung nor the Village of South Holland has no jurisdiction to enforce the sale of the Plaintiff(s) property. Defendant(s) began informing Plaintiff(s) that his family once owned the property and that Plaintiff(s) should contact Defendant(s) the "Village" instead of the Cook County Assessor's Office.

88. The Defendant(s) Eric DiSantos and Michel DeYoung violated the Employee Ethics Act when they were asked several times to cease and desist entry of the premises without notice, informing Plaintiff(s) as to what they are doing and why, and that consent of the Plaintiff(s) be necessary when Defendant(s) are on the property unless there is an emergency. That Defendant(s) shall not interrupt water, sewer, or any other public utilities created due to false and fraudulently reported information to prevent the Plaintiff(s) from conducting daily business or maintaining a healthy and sanitary establishment and work environment while Defendant(s) make proper assessments and auditing of their records to reflect actual usage and cost of water usage on the premises; and the Defendant(s) will follow and honor all constitutional laws, state and county rules, ordinances, etc. as to not impose or impede harm to the Plaintiff(s) property. The Defendant(s) shall not perform any alterations on or around the Plaintiff(s) real estate property without at least ten-day notice except in the case of emergencies.

## COUNT II
## VIOLATION OF PUBLIC OFFICER-PROHIBITED ACTIVITIES ACT

89. Section 3.1-55-10(a) of the Illinois Municipal Code states: A municipal officer shall not be financially interested directly in the officer's own name or indirectly in the name of any other person, association, trust, or corporation in any contract, work, or business of the municipality, or in the sale of any article whenever the expense, price, or consideration of the contract, work, business, or sale is paid either from the treasury or by an assessment levied by statute or ordinance. A municipal officer shall not be

# Exhibit A

interested, directly or indirectly, in the purchase of any property that (i) belongs to the municipality, (ii) is sold for taxes or assessments, or (iii) is sold by virtue of legal process at the suit of the municipality.

## COUNT III
## DUE PROCESS

90. The Defendant(s) have purchased delinquent property taxes through its Private Investment Partners or other sources with no complete follow-through under Cook County Rule 10.3 giving the Plaintiff(s) an option to argue the conditions under which the taxes are delinquent nor has the Defendant(s) followed local ordinances pertaining to the water bill in municipal court address the concerns of all parties involved.   That Plaintiff(s) have contested all tax arrearages by filing a complaint with the Cook County Board of Commissions and that the Plaintiff(s) are prepared and are seeking Legal Counsel attorney to continue in the courts unless the  Defendant(s) make a reasonable agreement with Plaintiff(s) to recoup damages they have caused by Defendant(s) negligence

## COUNT III
## DIRECT OR INDIRECT CONFLICT OF INTEREST

91. The conflict of interest statutes states that public officers may not be interested directly or indirectly in the name of any other person, association, trust, or corporation in any contract, work, or business of the public body, or in the sale of any article. The reasoning behind this prohibition is that one should not do indirectly that which is directly prohibited.  Plaintiff(s) questioned Mr. Walsh concerning his ownership of the real estate property and the real estate taxes. Plaintiff(s) also asked Mr. Walsh for a Real Estate Power Attorney and to release all paperwork pertaining to his transactions. Mr. Walsh asserted extremely high and Defendant(s) John Watson referred him to  Defendant(s) Sandrick Law Firm LLC on July 14, 2014, to file a complaint with the Cook County Assessor's Office and the Board of Appeals or Board of Reviews for tax years 2014 through 2016

## COUNT IV
## DECEPTIVE PRACTICES

92. The Plaintiff(s) have made efforts to resolve back taxes and clear the title of the Real Estate Property and have made numerous applications for grants and financing to pay off arrears taxes and make the proper improvements and developments to update and increase its value while building the capacity and growing their business. Defendant(s) Village of South Holland Planning Department and its representative have been deceptive in transparency and have purposely intervened and circumvented the Plaintiff(s) efforts.

## COUNT V
## UNJUST ENRICHMENT

93. Plaintiff(s) have been put in systemic despair due to the Defendant(s) who are members and, or

19

# Exhibit A

employees of a Municipal Governing Body and its investment practices using private partners to purchase delinquent taxes from the Cook County Annual Property Tax Sales for resale of the property tax PIN or collect interest on delinquent taxes and, or the sale certificates for financial gain. Defendant(s) have used their power as public officials to misinform, strong arm, and fraudulently impose previously paid fines and penalties. The Plaintiff(s) ability to secure financing, create income or follow thru on its redevelopment plans to improve and make the Plaintiff(s) real estate profitable has been purposely circumvented and impaired by actions of the Defendant(s) who have historically profited from the excessive taxes imposed on the Plaintiff(s) real estate. Previous Owner F.C. Treadway Inc. paid delinquent taxes purchased by Defendant(s) through their private partners _____ for taxes dating back as far as 2007 when selling the property to Micheal Walsh. The Certificates In Error were not issued until 2016 and another Certificate In Error was issued in 2018. Plaintiff(s) have filed a complaint with the Cook County Board of Reviews under Complaint #37-10621-001 and will file all other lawsuits necessary to clear tax arrears, bringing taxes current upon completion of the legal process.

94. Defendant(s) charge ____ per gal of water and has consistently charged the Plaintiff(s) ____ per month via electronic meter reading then adding additional charges and penalties for excessive water discharge, estimated and fraudulent water bills have existed for over sixty years due to the Defendant(s) negligence to have the water main shutoff installed on the parkway. There have not been any visible or known excessive water discharges until the recent situation caused by Defendant(s) Michael DeYoung as mentioned in _____. If recent or past plumbing issues caused an obstruction of the main valve the Defendant(s) are at fault for failing to improve its infrastructure as required in the Municipal code to prevent excessive water discharge or Defendant(s) to detect accurate usage. Defendant(s) Micheal DeYoung purposely damaged the water main shutoff to interrupt Plaintiff(s) water supply during a Post Pandemic rise of COVID-19 demanding payment of $12,000..00 or more to restore the services. This is also a means to circumvent the issuance of Plaintiff(s) 2023 business licenses, causing the accumulation of additional violations, fines, and fees to be imposed by Defendant(s). The above-mentioned actions enrich the Defendant(s) while violating Constitutional Rights and causing economic despair and the demise of an African American, Female business and land owner.

## VIOLATION OF EQUAL PROTECTION RIGHTS AND DUE PROCESS
### (Against Village Defendants, Larry DeYoung, John Watson, and DiSantos)

95. Plaintiff(s) incorporates by reference each allegation contained in Paragraphs 1 through 136 as if fully set forth herein.

96. Plaintiff is entitled to equal treatment and due process under the law pursuant to the U.S. Constitution, Amendments V and XIV, Sec. 1, and the Illinois Constitution Art. I, and Sec. 2 thereof, stating in relevant part. Amendment V No person shall be ...deprived of life. Liberty. or property. without due

20

## Exhibit A

process of law; nor shall private property be taken for public use, without just compensation. (Emphasis added) United States Constitution Amendment XIV. Sec. I ... No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States: nor shall any state deprive any person of life. Liberty. or property. without due process of law: nor den], to any person within its jurisdiction the equal protection of the laws. (Emphasis added) United States Constitution Sec. 1. Inherent and Inalienable Rights All men are by nature free and independent and have certain inherent and inalienable rights among which are life. Liberty and the pursuit of happiness. To secure these rights and the protection of property, governments are instituted among men, deriving their just powers from the consent of the governed. (Emphasis added) Illinois Constitution Article I. Sec. 2. Due Process and Equal Protection No person shall be deprived of life, liberty, or property without due process of law nor be denied the equal protection of the laws. Illinois Constitution

97. The Defendant(s) clandestine RICO enterprise was designed to deny Plaintiff equal protection under the law and grant governmental access to take advantage of vulnerable land owners who are willing and striving to be compliant with "Village" ordinances, to build equity that is willing to pay reasonable taxes and required fees due but circumvented by the o'gaming" of the system.

98. Defendants' clandestine RICO enterprise was designed to deny Plaintiff due process under the law and grant "paylo-plqt" access seeking personal gain and are willing to pay for by the "gaming" of the system.

99. On information and belief, Defendants violated Plaintiff(s) rights pursuant to the U.S. Constitution, Amendment V.

100. On information and belief, Defendants violated Plaintiff s rights pursuant to the U.S. Constitution, Amendment XIV, Sec. I 143. On information and belief, Defendants violated Plaintiff's rights pursuant to the Illinois Constitution Sec. 1. 144. On information and belief Defendants violated Plaintiffs rights pursuant to the Illinois Constitution Art. I, Sec. 2. 145. Village Code requires elected and appointed officers to execute the oath of office, prior to assuming office, affirming compliance with the U.S. Constitution, the Illinois Constitution, and Village Code.

101. Several individuals claiming to be village officials including, inter alia, the Clerk's Office, refused to execute and return the required oaths of office.

102. The Village Clerk, refused to enforce Village Code and her duties to obtain said oaths of office due to directives given by other officials.

103. Plaintiff further alleges that because of the violations of the Illinois Criminal Code and the Illinois Constitution alleged with specificity herein, Village Defendants forfeited their office upon commission or omission of acts assuming arguendo.

104. Village Defendants deprived Plaintiff of the equal protection of the laws for reasons of a personal nature unrelated to the duties of their positions with the Village as elected officials, appointed officials, trustees, employees, and commissioners.

105. Village Defendants are required to uniformly enforce the Village Code and zoning ordinances

# Exhibit A

and refused to do so following complaints and studies by Plaintiff.

106. Instead of uniformly enforcing the regulations of the Village Code, Defendants have instead subjected Plaintiff to intentional discrimination and injury.

107. Defendants' intentional and purposeful discrimination against Plaintiff had a discriminatory effect on Plaintiff, injuring her in her property, her business, her family, and her person for 5 years.

## Violations of 42 U.S.C. E 1983
## (Against Village Defendants,)

108. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 169 as if fully set forth herein.

109. Defendants are'opersons" as defined under 42 U.S.C. $ 1983. 172. The clandestine RICO enterprise and predicate acts alleged supra functionally barred Plaintiff s civil rights and liberties for the improper personal benefit of Defendants.

110. Defendants, acting under color of law, wrongfully enacted, wrongfully enforced or did not enforce, the provisions of the Village Code and deprived Plaintiff(s) of his constitutional rights to: (1) equal protection under the law; (2) due process; (3) just compensation for the damaging of private property; and (4) freedom of speech and the right to seek redress of grievances under the U.S. Constitution, in violation of 42 U.S.C. $ 1983.

111. Defendants knowingly and maliciously took these actions with reckless indifference to the constitutionally protected rights of Plaintiff(s).

112. Plaintiff(s) The Village of South Holland like numerous other communities in the Chicago Southland Suburbs has had a rapid population shift over the last 20 years. According to the Census tract, the shift in population over the last 40 years is from predominantly white or caucasian to currently 80% Black-African American population in 2020, and according to the 2017 Census, there are approximately 117 Minority Businesses out of approximately 555 total with 80% being Minority Women owned. As a Minority Black-African American Woman Owned business and land owner, Plaintiff(s) recent experiences and observation is the Municipal Governments that slogans "Faith and Family First", has a long way to go when it comes to having a Racial and Gender Equity balance. Racial stereotyping and Female Gender disrespect was front and center. The fight to keep Black-African Americans as working-class renters in key Commercial/Industrial and Real Estate markets is a level of systemic servitude history in the Southland. The Village of South Holland is 80% Black-African American residents not commercial property owners. The community has a strong Dutch American Government and historical background. Precept and example in leadership instead of systemic servitude and segregation to motivate community businesses and residents must be a very important sustainability tool. My businesses, previous businesses, and potential tenants have suffered tremendously and will suffer irreparable harm as a result of the Village of South Holland's actions in

## Exhibit A

this matter. The "Defendant(s)" have consistently abused their discretion and municipal power. Plaintiff(s) businesses, previous businesses, and potential tenants have suffered tremendously and will suffer irreparable harm as a result of the Village of South Holland's actions in this matter. The "Defendant(s)" have consistently abused their discretion and municipal power. and that the Defendant(s) action is discriminatory because Plaintiff(s) is one of approximately 20 real estate properties on the same corridor operating under the same conditions but are not required or forced to endure the cost presented by Defendant(s).

WHEREFORE, the Plaintiff(s) A'ndrea A. Paxton demands that a judgment be entered in its favor against Defendant(s), The Village of South Holland, John Watson, William L Sandrick, Larry W. DeYoung, Michael DeYoung, Eric DiSantos.

A. Grant Plaintiff(s) Injunction of Relief
B. Awarding Plaintiff(s) damages in the amount of $1,000,000.00 plus interest, under the terms of the contract.
C. Awarding Plaintiff(s) statutory pre-and post-judgment interest; and
D. Granting Plaintiff(s) such other further relief as is necessary and appropriate.

Respectfully submitted,

Signature:

Name:    A'ndrea A. Paxton
Address:  183-185 West 162nd Street
          South Holland, IL 60473

Email: famminc02@gmail.com

Phone: (708)331-8838 or (708)629-6182

23

**Exhibit A**

## CERTIFICATE OF SERVICE

To: Village of South
Holland 16226 Wausau
Ave South Holland, IL
60473-2193

    I A'ndrea A. Paxton Pro se Plaintiff(s) certify that I served the attached motion and this notice by fax delivery or email to t..nlopp@ladom1, com of a copy of the same to the above-named parties before 11:59 p.m. on <u>March    2023</u> and /or by **mailing a copy of this notice and** depositing the same in the to the above-listed parties.

I certify that everything in the Proof of Service is true and correct. I understand that the making of a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.

Att: Pro Se Name: A'ndrea A. Paxton
Famminc02@gmail.com
Re: 183-185 W. 162nd Street
South Holland, IL 60426
(708)331-8838 or (708)629-6182

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# Exhibit A



**F.A.M.**
**Development**
**Inc.**

16333 Halsted St.
Harvey, IL 60426

Phone (708)571-0525

Fax (844)532-0326

**Certifications**
HUD Certified
MBE
FBE
L.E.E.D. Certified

**Services**
Community Development
Research & Analysis
Land and Real Estate
Acquisition
Property Research &
Analysis
Property Management

**Contracted Service**
Affordable Housing
Realtors to Home Owner

Energy Audit / Weatherization
Property Preservation
Rehabbing

August 26, 2017

John Watson Jr.                          Re: 183-185 W. 162nd St
Director of Economic Development          South Holland, IL 60473
16226 Wausau Ave
South Holland, IL 60473

Dear Mr. Watson:

Per our discussion on Friday August 18th Mr. John R. Collins has legally contracted with F.A.M. Development Inc. to manage and maintain the daily function of the above mentioned property pending a partnership agreement. We will also be housed on the premises. Due to the substantial unforeseen amount of debt Mr. Collins incurred in addition to his recent cash purchase of the property our redevelopment strategy must start by addressing the current available use. The restructuring process will consist of J.J.E.C Photo Studio for which Mr. Terrence Franklin is consulting and assisting in the business licensing process. We are also considering a Small Business Mailbox Center.

All due diligence to rid the building of previous violations have been addressed however the above remedy is the most suitable to insure that the building doesn't continue to create a economic or financial deficit to its owners or the Village of South Holland as efforts are made to negotiate near future developments.

Please be assured every measure is being taken to expediently address all matters that were discussed. The above service industries provide services suitable for the current building structures and parking ordinances. The front building will function as office space and photography studio for the businesses being named above. We are working on the warehouse and its function. Attached is a rough drafted floor plan for the above proposed use and applications for business licensing. Please contact me direct at (708)629-8719.

Sincerely,

A. Jamal Paxton
President

Exhibit A-1

# Exhibit A



**F.A.M.
Development
Inc.**

16333 Halsted St.
Harvey, IL 60426

Phone:(708)571-0326

Fax: (844)533-0326

**Certifications**
HUD Certified
MBE
FBE
L.E.E.D. Certified

**Services**
Community Development
Research & Analysis
Land and Real Estate
Acquisition
Property Research &
Analysis
Property Management

**Contracted Service**
Affordable Housing
Renters to Home Owner

Energy Audit / Weatheri-
zation
Property Preservation
Rehabbing

---

October 19, 2017

John Watson Jr.                          Re: 183-185 W. 162nd St
Director of Economic Development         South Holland, IL 60473
16226 Wausau Ave
South Holland, IL 60473

Dear Mr. Watson:

After consulting with Mr. John E. Collins of J.J.E.C. Corporation/John C Photo Studios L.L.C. and researching this situation I have partnered to save this real estate project as mention in the previous letter on August 26th.

As you are aware, although housed in the front office building Mr. Collins took legal ownership of the property April 12, 2017. Prior to that time he leased the area from Michael J. Walsh of Walsh and Sons via an unrecorded Contract for Deed. Mr. Walsh pursued Mr. Collins as a tenant January 1, 2015.

The sale of the building was the result of Mr. Walsh's failing food truck business "Auto Future Inc." which was housed in the rear warehouse building. As of January 2017 Mr. Walsh was indebted to Mr. Collins approximately $256,535.00 in loans that were cured through the transfer of ownership equity in the above mentioned real estate. There were a number of deceptive flaws in the original Warranty Deed that have been corrected.

Prior to this venture Mr. Collins had been an Entrepreneur and Small Business Owner but never owned commercial real estate nor had he been informed of the process in working with Villages and, or Municipal Government. Mr. Collins is a victim of police brutality for which he was award the money he invested with Mr. Walsh by the Cook County Courts. His hopes were a fresh start in life after gaining full custody of his two sons.

I wasn't a part of previous conversations in this matter and am unable to justify beyond what I've witnessed via documentation and conversations with all parties involved. A major bone of contention has resulted that I would like to resolve and move forward taking a more positive approach with the help and support of the Village.

This letter is to give an overview of the steps that have been taken since the consummation of this partnership and solutions that will benefit everyone involved.

---

Exhibit A8

# Exhibit A

- As of July 30th the Automotive Sales business and all cars/debris were removed from the warehouse area.
- The outside parking and rear of the property was maintenanced and cleaned of all weeds and unwanted waste.
- All unlicensed business practices were removed from the premises.
- The property has been vacant of any day to day business function and, or tenants including J.J.B.C. since August 1st.
- All immediate code violations that would keep the property from generating income have been addressed and resolved.

Further efforts were made to research the past due delinquent taxes, T.I.F., Small Business Assistance and Financing for building upgrades however due to an unforeseen mistake in the recording of a Tax Deed by Extra Space Property Forty-nine LLC on July 26, 2017 the title was clouded delaying the financing process. We have moved forward with attorneys to correct the recording. The Development Incentive process started with Walsh and Sons were flawed according to Cook County Accessor records due to lack of information submitted for review. According to our contact with Cook County the delinquent taxes weren't addressed appropriately by the Village of South Holland in its land report during submitting of the Class 8 application.

Unfortunately the financing and funding issues are going to take more time than expected. Since all of the concerns with the pre-existing tenants have been resolved I am asking that the Village conduct an inspection to approve the current business license applications being submitted for F.A.M. Development Inc. and John C. Photo Studio LLC. Both are service businesses being housed in the front office building. There will only be a total of six Employees who will park in spaces located directly on the rear of the front building leaving all front parking at the 162nd Street entrance for clients visiting the facility.

Our efforts are to generate income to manage unexpected legal expenses and sustain the building while working towards a succession plan to prosper our Partnership as well as being key players in the Village's corridor development. The attached documentation support the content of this letter. I look forward a successful meeting. Thanks in advance for your time.

Sincerely,

Prince Paxton
President

10-19-17

expires-Jan 1, 2021

Exhibit A-3

**Exhibit A**

## Property Characteristics

### 2017 Tax Year Property Information



|  |  |
|---|---|
| PIN: | 20-24-338-032-0000 |
| *Property Location: | 513 CHERRY LN |
| City: | SOUTH HOLLAND |
| Township: | Thornton |
| Property Classification: | 917 |
| Square Footage (Land): | 13,861 |
| Neighborhood: | 130 |
| Taxcode: | 37293 |

29212000626000  03/31/2008

### Assessed Valuation

|  | 2017 First Pass | 2016 Board of Review Certified |
|---|---|---|
| Land Assessed Value | 12,259 | 11,576 |
| Building Assessed Value | 9,741 | 7,580 |
| Total Assessed Value | 21,608 | 19,286 |

### Property Characteristics

| Estimated 2017 Market Value | N/A |
|---|---|
| Estimated 2016 Market Value | N/A |
| Description | ** |
| Age | ** |
| Building Square Footage | ** |
| Assessment Pass: First Pass | |

* "Property Location" is not a legal/postal mailing address. Its sole purpose is to help our Office locate the property. Therefore, you should not utilize the property location for any purpose, however, you may update the Property Location with your Legal/Postal Mailing Address should you choose to do so. Updating the address will not change the Property Location to a Legal/Postal Mailing Address.

** Information may be available by submitting an FOIA Request.

Exhibit A  B-1

Google Maps



- 5YRS plan
- Blueprint
- Front + Back

B-3

**Exhibit A**



Property Index Number: 29-21-200-042-0000, 29-21-200-060-0000 and 29-21-200-062-0000

PARCEL 1: THE WEST 50 FEET OF THE 70 FEET OF THE FOLLOWING DESCRIBED PARCEL OF LAND: THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LANDS IN THE NORTH EAST ¼ OF SECTION 21. TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN RECORDED SEPTEMBER 12, 1883 AS DOCUMENT NUMBER 1083439 DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWESTERLY CORNER OF SAID LOT 1, SAID POINT BEING THE INTERSECTION OF THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF THE SECTION 21 AFORESAID, THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21, 512.90 FEET TO THE POINT OF BEGINNING; THENCE SOUTH AT RIGHT ANGEL TO THE NORTH LINE OF SECTION 21 TO THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK
RAILROAD COMPANY; THENCE NORTHEASTERLY ALONG THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD TO A LINE ESTABLISHED BY EXTENDING A LINE SOUTH FROM AND AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, AT A POINT 100 FEET WEST TO THE POINT OF BEGINNING; THENCE NORTH ALONG SAID LAST DESCRIBED LINE TO A POINT ON THE NORTH LINE OF SECTION 21 100FT TO 10 THE POINT OF BEGINNING (EXCEPT THE NORTH 50 FEET OF SAID PREMISES CONVEYED TO THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS), IN COOK COUNTY, ILLINOIS.


PARCEL 2: THAT PART OF THE NORTH EAST ¼ OF SECTION 21. TOWNSHIP 36 NORTH, RANG 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT THE INTERSECTION OF THE NORTH EAST LINE OF THE RIGHT OF WAY OF THE GRAND TRUNCK RAILROAD, WHERE IT CROSSES THE NORTH LINE OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, WHICH POINT OF INTERSECTIONIS 2184.6 FEET WEST OF THE SOUTH EAST CORNER OF SAID SECTION 21, THENCE EAST ALONG THE NORTH LINE OF SAID SECTION 21, 512.90 FEET TO THE POINT OF BEGINNING, THENCE DUE SOUTHEASTERLY ALONG THE NORTHEASTERLY RIGHT OF WAY OF SAID GRANDTRUNCK RAILROAD TO A POINT ESTABLISHED BY EXTENDING A STRAIGHT LINE DUE SOUTH FROM A POINT IN THE NORTH LINE OF SECTION 21, WHICH IS 100 FEET EAST OF THE POINT BEGINNING, THENCE NORTH ALONG SAID EXTENDED LINE TO THE NORTH LINE OF SECTION 21; THENCE WEST ALONG THE NORTH LINE OF SECTION 21, 100 FEET TO THE POINT OF BEGINNING (EXCEPTING THE NORTH 200 FEET THEREOF), IN COOK COUNTY, ILLINOIS.

PARCEL 3: THE EAST 20.0 FEET OF THE FOLLOWING DESCRIBED PARCEL OF LAND: THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LANDS IN

B-4

# Exhibit A

THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, RECORDED SEPTEMBER 12, 1835 AS DOCUMENT NUMBER 1083433, DESCRIBE AS FOLLOWS: NORTHEAST AT THE NORTHEASTERLY CORNER OF SAID LOT 1, SAID POINT BEING THE INTERSECTION OF THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF SAID SECTION 21, AFORESAID. THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21.512.90 FEET TO THE POINT OF BEGINNING, THENCE SOUTH AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, TO THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD COMPANY, THENCE SOUTHEASTERLY ALONG THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD TO A LINE ESTABLISHED BY EXTENDING A LINE SOUTH FROM AN AT SIGHT ANGLES TO THE NORTH LINE OF SECTION 21. AT A POINT 160 FEET WEST OF THE POINT OF BEGINNING, THENCE NORTH ALONG SAID LAST DESCRIBE LINE TO A POINT ON THE NORTH LINE SECTION 21. 160 FEET WEST OF THE POINT OF BEGINNING, (EXCEPT THE NORTH 50 FEET OF SAID LAND CONVEYED TO THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS) IN COOK COUNTY, ILLINOIS.

B-5

# Exhibit A

**VILLAGE OF SOUTH HOLLAND**
16226 Wausau Avenue
South Holland, IL 60473



Phone: 708-210-2900

Fax: 708-210-1019

## APPLICATION FOR CERTIFICATE OF PAYMENT

R-44339-0

Ordinance #2010-06 of the Village of South Holland Municipal Code establishing a Certificate of Payment requires anyone who sells property or transfers real estate to pay all outstanding service charges, including but not limited to, water service, building code violations, and other charges, due to the Village be paid in full before a Certificate of Payment Certificate is issued. This also requires the Seller to give the Village three (3) days notice before the scheduled closing to allow sufficient time to obtain a final meter reading and issue a certificate once all debts to the Village of South Holland have been paid. This procedure is also required for Quit Claim deeds. Please complete this form and either fax or deliver this form to the Deputy Clerk located at 16226 Wausau Avenue.

Once this application is received, the Village will take the appropriate action to obtain a meter reading and notify the Seller of any monies due the Village. The final amount due may be paid in cash, credit card (MasterCard/Visa), cashier's check, certified check or money order. PERSONAL CHECKS NOT ACCEPTED. Once payment is made the Village will issue a Certificate of Payment certifying that all amounts owed by the Seller have been paid in full.

**SELLER'S NAME** _Michael Walsh_
**MAILING ADDRESS** _Tranicgwa Ct Park Forest + IL 60466_
**TELEPHONE NO.** _708 906 2446_

**ATTORNEY or AGENT** _A. Cralia_
**TELEPHONE NO.** _(312) 899 6576_

**PROPERTY ADDRESS** _188 W 162 St South Holland IL 60473_
**PROP INDEX NUMBER (PIN)** _29-21-200-060_ **WATER ACCT NUMBER** _____

**BUYER'S NAME** _John Collins_
**TELEPHONE NO.** _773 844 1397_

**SCHEDULED CLOSING DATE AND TIME** _Feb 28 2017_

If you wish to be faxed the final water bill, please provide a fax number and the name to which the bill should be sent: Fax# _email Faithful-Kay_ Attention of: _____
_@yanc.com_
I REQUEST A FINAL READING AT MY PROPERTY SERVICE ADDRESS. PLEASE NOTIFY ME OF ANY AND ALL AMOUNTS DUE.

**SIGNED** _Kay Walsh_ **DATE:** _March 8 2017_
(May be signed by the seller or an authorized agent)

**THE FOLLOWING IS FOR OFFICE USE ONLY:**
Final Water Bill: $ _564.76_ Judgment: $ _0_
Administrative Citation: $ _450.00_ Parking Ticket: $ _0_
Other: $ _____

**TOTAL AMOUNT DUE:** $ _1014.76_

C-2

# Exhibit A

SYS DATE 030917   [URINXIN]

SYS TIME 14:25

VILLAGE OF SOUTH HOLLAND
U / B   H I S T O R Y   I N Q U I R Y
Thursday March 9, 2017

DATE: 03/09/17

PAGE: 1

DATE RANGE FROM 09/01/2016 THRU 08/31/2017

| DATE | TR CODE | DESCRIPTION | AMOUNT | OLD READING | NEW READING | CONSUM UNITS | SERVICE FROM/TO DATES | EST | BALANCE BEFORE | BALANCE AFTER |
|------|---------|-------------|--------|-------------|-------------|--------------|------------------------|-----|----------------|---------------|
| 0210174000 | | | | 183 W 162 ST | | | | | | |
| 09/01/16 | BI | SEWER  FLAT | .38 | | | | 07/21/16 08/20/16 | | | |
| 09/01/16 | BI | WATER  WATE | 15.92 | 442 | 442 | | 07/21/16 08/20/16 | | | |
| 09/01/16 | BI | TOTAL | 16.30 | | | | | | .00 | 16.30 |
| 09/21/16 | PI | PENALTY CHARG | 1.63 | | | | | | 16.30 | 17.93 |
| 10/01/16 | BI | SEWER  FLAT | .38 | | | | 08/21/16 09/20/16 | | | |
| 10/01/16 | BI | SEWER  SEWE | .94 | 442 | 444 | 2 | 08/21/16 09/20/16 E | | | |
| 10/01/16 | BI | WATER  WATE | 15.92 | 442 | 444 | 2 | 08/21/16 09/20/16 E | | | |
| 10/01/16 | BI | TOTAL | 17.24 | | | | | | 17.93 | 35.17 |
| 10/21/16 | PI | PENALTY CHARG | 3.51 | | | | | | 35.17 | 38.68 |
| 11/01/16 | BI | SEWER  FLAT | .38 | | | | 09/21/16 10/20/16 | | | |
| 11/01/16 | BI | SEWER  SEWE | 1.88 | 444 | 448 | 4 | 09/21/16 10/20/16 E | | | |
| 11/01/16 | BI | WATER  WATE | 31.84 | 444 | 448 | 4 | 09/21/16 10/20/16 E | | | |
| 11/01/16 | BI | TOTAL | 34.10 | | | | | | 38.68 | 72.78 |
| 11/01/16 | UA | OVER EST | 34.10- | 501 | | | | | 72.78 | 38.68 |
| 11/21/16 | PI | PENALTY CHARG | 7.27 | | | | | | 38.68 | 45.95 |
| 12/01/16 | BI | SEWER  FLAT | .38 | | | | 10/21/16 11/20/16 | | | |
| 12/01/16 | BI | SEWER  SEWE | 1.41 | 448 | 451 | 3 | 10/21/16 11/20/16 E | | | |
| 12/01/16 | BI | WATER  WATE | 23.88 | 448 | 451 | 3 | 10/21/16 11/20/16 E | | | |
| 12/01/16 | BI | TOTAL | 25.67 | | | | | | 45.95 | 71.62 |
| 12/01/16 | UA | ADJUSTMENT | 6.03- | 501 | | | | | 71.62 | 65.59 |
| 12/21/16 | PI | PENALTY CHARG | 10.57 | | | | | | 65.59 | 76.16 |
| 01/01/17 | BI | SEWER  FLAT | .38 | | | | 11/21/16 12/20/16 | | | |
| 01/01/17 | BI | SEWER  SEWE | .47 | 451 | 452 | 1 | 11/21/16 12/20/16 E | | | |
| 01/01/17 | BI | WATER  WATE | 15.92 | 451 | 452 | 1 | 11/21/16 12/20/16 E | | | |
| 01/01/17 | BI | TOTAL | 16.77 | | | | | | 76.16 | 92.93 |
| 01/21/17 | PI | PENALTY CHARG | 13.31 | | | | | | 92.93 | 106.24 |
| 02/01/17 | BI | SEWER  FLAT | .38 | | | | 12/21/16 01/20/17 | | | |
| 02/01/17 | BI | WATER  WATE | 15.92 | 452 | 452 | | 12/21/16 01/20/17 | | | |
| 02/01/17 | BI | TOTAL | 16.30 | | | | | | 106.24 | 122.54 |
| 02/21/17 | PI | PENALTY CHARG | 16.27 | | | | | | 122.54 | 138.81 |
| 03/01/17 | BI | SEWER  FLAT | .38 | | | | 01/21/17 02/20/17 | | | |
| 03/01/17 | BI | WATER  WATE | 16.24 | 452 | 452 | | 01/21/17 02/20/17 | | | |
| 03/01/17 | BI | TOTAL | 16.62 | | | | | | 138.81 | 155.43 |
| 03/09/17 | TR | CLOSED ****** | .00 | | | | | | | |
| 03/09/17 | TR | TO 0210174002 | .00 | | | | | | | |
| 03/09/17 | TR | BALANCE TRANS | 155.43 | | | | | | 155.43 | .00 |

** END OF HISTORY **

C-3
**Exhibit A**

SYS DATE 030917 [URINIM]

DATE: 03/09/17

VILLAGE OF SOUTH HOLLAND
U / B   H I S T O R Y   I N Q U I R Y
Thursday March 9, 2017
DATE RANGE FROM 07/01/2016 THRU 08/31/2017

SYS TIME 14:24

PAGE: 1

| DATE | TR CODE | DESCRIPTION | AMOUNT | OLD READING | NEW READING | CONSUM UNITS | SERVICE FROM/TO DATES | EST | BALANCE BEFORE | BALANCE AFTER |
|------|---------|-------------|--------|-------------|-------------|--------------|----------------------|-----|----------------|---------------|
| 0210174002 | | AUTOFUTURE INC | | 183 W 162 ST | | | | | | |
| 03/09/17 | BA | BALANCE TRANS | 155.43 | | | | | | .00 | 155.43 |
| 03/09/17 | BI | SEWER    FLAT | .20 | | | | 02/21/17 03/09/17 | | | |
| 03/09/17 | BI | Water Deposit | 100.00- | | | | 02/21/17 03/09/17 | | | |
| 03/09/17 | BI | SEWER    SEWE | .47 | 442 | 443 | 1 | 02/21/17 03/09/17 | | | |
| 03/09/17 | BI | WATER    WATE | 8.66 | 442 | 443 | 1 | 02/21/17 03/09/17 | | | |
| 03/09/17 | BI | TOTAL | 90.67- | | | | | | 155.43 | 64.76 |

** END OF HISTORY **

CURRENT BALANCE IS:     64.76     Receipt 44339-0

Exhibit A



The Village of
# South Holland

# *Findings, Decision And Order*
## Administrative Code Hearing Department
### Administrative Building Code

| VILLAGE OF SOUTH HOLLAND , | } *Violation #:* | 30034 |
| | } *Hearing Date :* | 07/10/2017 *Violation Date :* 06/22/2017 |
| PETITIONER, | } *Representative of Municipality:* BRIAN SMITH |
| VS | } *Representative of Respondent :* |
| JOHN COLLINS | } *Property :* 183 W 162ND ST. |
| RESPONDENT, | } South Holland IL 60473 |
| | *Summons Mailed: 06/22/2017* *Hearing Officer :* Angelo Vittiritti |

JOHN COLLINS
183 W 162ND ST.
SOUTH HOLLAND IL 60473

JOHN COLLINS                                             183 W 162ND ST., SOUTH HOLLAND IL 60473
**Offense ID  001**                                                                   **Docket #: 108671**
Code Section: 9605-B - FAILURE TO SECURE SOUTH HOLLAND BUSINESS LICENSE
Finding of Fact : Respondent defaulted for failure to appear, finding of fact in favor of Municipality and against the respondent.
Decision :   CODE VIOLATED                          Decision Based On :   EVIDENCE

### ORDER:

| | | *Fine Amount :* | $750.00 |
| *Case Closed Due To :* | | | |
| *Fine Amount Abated Upon Compliance :* No | | *- Amount Paid:* | $0.00 |
| *Compliance Date :* | | *Offense 001 Total:* | $750.00 |
| | | *Violation Total:* | $750.00 |

*Administrative Hearing Officer*

*Date of Entry:*   July 11, 2017

*Phone :*   (708) 210-2915

Please remit payment in a timely manner to the **VILLAGE OF SOUTH HOLLAND**. Payment of the Violation Total within 35 days will prevent any further collection/legal action. The Respondent can appeal to the circuit court within 35 days of the decision pursuant to the provisions of the Administrative Review Law

Payment of all costs and/or fines is due on the date of hearing. Failure to pay may result in the forwarding of this case to the City's Legal Counsel for prosecution, a Collection Agency for recovery of fines, and/or a lien placed on your property and/or personal estate.

To Pay by Mail: make checks or money orders payable to the **Village Of South Holland** (DO NOT MAIL CASH). Write the violation# on the check/money order or send a copy of this letter with payment. Mail to **Village Of South Holland, Hearing Division, 16220 Wausau Ave., South Holland, IL 60473.**

Cash, Check, Money Order or Credit Card (MasterCard, Visa or Discover) accepted

# Exhibit A

**South Holland** **VILLAGE OF SOUTH HOLLAND**
**COLLECTORS OFFICE**

Received of _____ 4/11/2017

_183 W 162nd St_

IN PAYMENT OF THE FOLLOWING

| Description | | Amount |
| --- | --- | --- |
| | | Dollars \| Cents |
| Citation | 27041 | 750 |
| Citation | 27042 | 750 |
| Citation | 27043 | 750 |

*Civil citations*

APR 11 2017
VILLAGE OF SOUTH HOLLAND

Total Amount Received $2250

Received by _____ No. 93229

COLLECTOR

---

VILLAGE OF SOUTH HOLLAND
16226 [illegible]
SOUTH HOLLAND, IL

UTILITY BILL PAYMENT
REGISTER PAPER RECEIPT
Check
VILLAGE OF SOUTH HOLLAND

DATE 04/11/17     TIME 16:00

Account: 0210174602
Name: [illegible] INC
Address: 183 W 162 ST

Old Balance    64.76
Amount Paid    64.76
New Balance      .00

C-16

# Exhibit A

compliance with the ADA shall be the responsibility of: Tenant and shall be prorated on the basis of Tenant's actual occupied percentage of the total building square feet.

**XII. Utilities and Other Expenses** Check Who Pays ☐ Landlord ☐ Tenant - Air Conditioning (AC) ☐ Landlord ☐ Tenant - Cable ☑ Landlord ☐ Tenant - Electricity ☐ Landlord ☐ Tenant - Gas ☐ Landlord ☐ Tenant - Heat ☐ Landlord ☐ Tenant - Internet ☐ Landlord ☐ Tenant - Oil ☐ Landlord ☐ Tenant - Sewer ☐ Landlord ☐ Tenant - Water ☐ Landlord ☐ Tenant - Other: _____ ☐. Landlord ☐ Tenant - Other: _____ ☐ Landlord ☐ Tenant - Other: _____

**XIII. Landlord's Representations** – At the time of lease signing, the Premises shall be properly zoned for the Tenant's stated use as stated in Section XI and will be in compliance with all applicable state and federal laws and regulations. The Premises shall not have been used for the storage or disposal of any toxic or hazardous substances, and the Landlord has received no notice from any governmental authority concerning removal of any toxic or hazardous substances from the property.

**XIV. Landlord's Responsibility** • Landlord shall maintain and make any and all necessary repairs to: (1) the roof, structural components, exterior walls, and interior common walls of the premises, and (2) the plumbing, electrical, heating, ventilating, and airconditioning systems. • Landlord will regularly clean and maintain (including snow removal) the parking areas, yards, common areas, and exterior of the building and remove all litter so that the premises will be kept in an attractive condition.

**XV. Tenant's Responsibility:** Tenant shall keep the Premises clean and well maintained at all times, so that the Premises shall be in marketable condition.

**XVI. Insurance** Landlord agrees to carry fire and hazard related coverage insurance for the Premises. Tenant agrees to carry public liability insurance that includes the Landlord as an insured party for personal injury. The coverage the Tenant shall provide will be in the amount(s) of: Check All That Apply $1,000,000 per occurrence. This agreement automatically releases the Landlord and Tenant from each other in reference to liability for property, loss, damage, personal injury, or anything else covered by the insurance plan.

**XVII. Real Property Taxes** Landlord shall be responsible for payment of all general real estate taxes. Tenant shall be responsible for payment of any net increase in the amount of general real estate taxes that is attributable to Tenant' s use or improvements to the premises.

**XVIII. Subletting** – The Tenant does not have the right to sublet the Premises. Any new Tenant under a sublease must meet the approval of the Landlord and such approval shall not be unreasonably withheld.

**XIX. Damage to the Premises** – The Tenant may terminate the lease agreement if necessary repairs to the Premises due to fire, flood, or any natural catastrophe keep the Tenant from being open for over ninety (90) days. • If the Tenant is not able to be open for the ninety (90) day period due to damage to the Premises, there will be no rent paid during said period. **XX. Default** – If the Tenant defaults on the lease agreement for non-payment of rent or for any other reason, the Landlord agrees to give notice to the Tenant giving the Tenant the right to cure the issue(s). If the Tenant does not cure the issue(s) within the amount of time stated in the notice, then the Landlord has the right to take legal action.

**XXI. Notice of Quiet Enjoyment** – During the term of the lease agreement, the Tenant has the right of quiet enjoyment of the Premises.



**Exhibit A 3**

XXIX. Governing Law – This lease agreement will be governed by and construed in accordance with the laws in the State of Illinois.

XXX. Counterparts and Modifications – The Landlord and Tenant agree that they shall sign several identical counterparts of this lease and any fully signed counterpart shall be treated as an original. Only writing(s) signed by the party against whom such a modification is sought to be enforced shall modify this lease.

XXXI. Waiver – If either Landlord or Tenant waives any term or provision of this lease at any time, that waiver will be effective only for the specific instance and specific purpose for which the waiver was given. If either party fails to exercise or delays exercising any of its rights or remedies under this lease, that party retains the right to enforce that term or provision at a later time.

XXXII. Early Termination – The tenant does not have the option to terminate the lease.

XXXIII. Severability – If any court determines that any provision of this lease is invalid or unenforceable, any invalidity or unenforceability will affect only that provision. It will not make any other provision of this lease invalid or unenforceable, and shall be modified, amended, or limited only to the extent necessary to render it valid and enforceable.

Signatures:

Landlord: _____  Tenant: _____ Name:

Name: _____  Name: _____

Date: _____  Date: _____

Personal Guaranty – Upon my authorization of this agreement, I personally guarantee the performance of all financial obligations under this lease. _____  Date: _____

Subscribed and sworn to before me

this _____ day of _____, 20____

at Dolton, County of Cook, State of Illinois.

Notary Public: _____

OFFICIAL SEAL
Notary Public – State of Illinois
My Commission Expires Feb 17, 2019

D-H
# Exhibit A





Doc# 1710247012 Fee $44.00

RHSP FEE:$9.00 RPRF FEE: $1.00

KAREN A. YARBROUGH

COOK COUNTY RECORDER OF DEEDS

DATE: 04/12/2017 10:35 AM PG: 1 OF 4

Recording Requested By:
When recorded, mail to:
John E. Collins
183 W. 162nd Street
South Holland, IL 60473

Space above reserved for use by Recorder's Office

# Warranty Deed

Property Tax Parcel/P.I.Numbers 29-21-200-060-0000, 29-21-200-062-0000, 29-21-200-042-0000

This Warranty Deed is made on February 20th, 2017 between, Grantor, Michael J. Walsh Principle authorized agent for Walsh and Sons, Inc., State of Illinois, and, Grantee, John E. Collins and authorized agent of J.I.E.C, City of South Holland, State of Illinois.

For valuable consideration, the Grantor hereby sells, grants, and conveys the following described real estate, to the Grantee to have and hold forever, along with all easements, rights, and buildings/land belonging to the described property, located at 183- 185 W. 162ND Street, in the city of South Holland, County Of Cook, State of Illinois, 60473 the legal description of which /three Parcels:

**PARCEL 1**

THE WEST 50 FEET OF THE EAST 70 FEET OF THE FOLLOWING DESCRIBED PARCEL OF LAND: THAT PART OF LOT 1IN COUNTY CLERK'S DIVISION OF UNSUBDIVISION LANDS, IN THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPLE MERIDIAN RECORDED SEPTEMBER 12TH, 1888 AS DOCUMENT NUMBER 1003439 DESCRIBED AS FOLLOWS COMMENCING AT THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF SECTION 21 AFORESAID, THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21,512.90 FEET TO THE POINT OF BEGINGING;

Page 1 of 4

THENCE SOUTH AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21TO THE NORTHEASTERLY LINE RIGHT OF WAY OF THE SECTION 21 TO THE TO THE TO THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD COMPANY; THENCE NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD TO A LINE ESTABLISHED BY EXTENDING A LINE SOUTH FROM AND AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, AT A POINT 100 FEET WEST TO THE POINT OF BEGINGING; THENCE NORTH ALONG SAID LAST DESCRIBED LINE TO THE POINT ON THE NORTH LINE OF SECTION21,100 FEET WEST OF THE POINT BEGINGING; THENCE EAST ALONG THE NORTH LINE OF SECTION 21 FEET TO THE POINT OF BEGINGING ( except the north 50 feet of said premises conveyed to the department of public works and buildings) In Cook County, Illinois .

PARCEL 2. THAT PART OF THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36

1

D-5

# Exhibit A

1710247012 Page: 3 of 4

**PARCEL 1**
THE WEST 50 FEET OF THE EAST 70 FEET OF THE FOLLOWING DESCRIBED
PARCEL OF LAND; THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF
UNSUBDIVISION LANDS, IN THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36
NORTH, RANGE 14 EAST OF THE THIRD PRINCIPLE MERIDIAN RECORDED
SEPTEMBER 12th, 1888 AS DOCUMENT NUMBER 1003439 DESCRIBED AS FOLLOWS
COMMENCING AT THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE
GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF SECTION 21
AFORESAID, THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF
SAID SECTION 21, 512.90 FEET TO THE POINT OF BEGINGING;

Page 1 of 4

THENCE SOUTH AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21 TO THE
NORTHEASTERLY LINE RIGHT OF WAY OF THE SECTION 21 TO THE TO THE TO
THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD COMPANY; THENCE
NORTHWESTERLY ALONG THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF
THE GRAND TRUNK RAILROAD TO A LINE ESTABLISHED BY EXTENDING A LINE
SOUTH FROM AND AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, AT A
POINT 100 FEET WEST TO THE POINT OF BEGINGING; THENCE NORTH ALONG SAID
LAST DESCRIBED LINE TO THE POINT ON THE NORTH LINE OF SECTION 21, 100
FEET WEST OF THE POINT BEGINGING; THENCE EAST ALONG THE NORTH LINE OF
SECTION 21 FEET TO THE POINT OF BEGINGING ( except the north 50 feet of said
premises conveyed to the department of public works and buildings) In Cook County, Illinois.
**PARCEL 2.** THAT PART OF THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36
NORTH, RANGE 14 EAST OF THE THIRD PRINCIPLE MERIDIAN, DESCRIBED AS
FOLLOWS: COMMENCING AT THE INTERSECTION OF THE NORTHEAST LINE OF THE
RIGHT OF WAY OF THE GRAND TRUNK RAILROAD, WHERE IT CROSSES THE
NORTH LINE OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD
PRINCIPLE MERIDIAN, WHICH POINT OF INTERSECTION IS 2106.6 FEET WEST OF
SECTION 21, 512.90 FEET TO THE POINT OF BEGINGING; THENCE DUE SOUTH TO
THE NORTH EAST RIGHT OF WAY LINE OF THE GRAND TRUNK RAILROAD, THENCE
SOUTHEASTERLY ALONG THE NORTHEASTERLY RIGHT OF WAY OF SAID
GRAND TRUNK RAILROAD TO A POINT ESTABLISHED BY EXTENDING A STRAIGHT
LINE DUE SOUTH FROM A POINT IS THE NORTH ALONG THE NORTH LINE OF
SECTION 21; THENCE WEST ALONG THE NORTH LINE OF SECTION 21, 100 FEET TO
THE POINT OF BEGINGING ( excepting the north 200 feet thereof) in Cook County, Illinois
**PARCEL 3** THE EAST 20.0 FEET OF THE FOLLOWING DESCRIBED PARCEL OF
LAND: THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF SUBDIVISION
LANDS IN THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14
EAST OF THE THIRD PRICIPLE MERIDIAN RECORDED SEPTEMBER 12, 1888 AS
DOCUMENT NUMBER 1003439, DESCRIBED AS FOLLOWS.
COMMENCING AT THE NORTHEASTERLY CORNER OF SAID LOT 1, SAID POINT
BEING THE INTERSECTION OF THE NORTHEASTERLY LINE OF THE RIGHT OF THE
WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF
SECTION 21 AFORESAID,

Page 2 of 4
THENCE IN A EASTERLY DIRECT ALONG THE NORTH LINE OF SAID SECTION 21,
512.90 FEET TO THE POINT OF BEGINNING, THENCE SOUTH AT THE RIGHT ANLES
TO THE NORTH LINE OF SECTION 21, TO THE NORTHEASTERLY LINE OF THE RIGHT
OF WAY OF THE GRAND TRUNK RAILROAD COMPANY, THENCE SOUTHWESTERLY
ALONG THE NORTHEASTERLY LINE OF SECTION 21, AT A POINT 100 FEET WEST OF
THE POINT OG BEGINNING, THENCE NORTH ALONG SAID LAST DESCRIBED LINE
TO A POINT ON THE NORTH LINE OF SECTION 21, 100 FEET WEST TO THE POINT OF
BEGINNING ( except the North 50 feet of said land conveyed to the Department of Public works
X and buildings) In Cook County, Illinois

D-6

# Exhibit A

The real estate in the name of Grantor subject only to easements, zoning and restrictions of record, and all other liens and encumbrances. Grantor conveys title to Grantee at the time be good and sufficient warranty deed subject to all liens and encumbrances except as otherwise provided.

This Date: _February 28th_____, 2017

Page 3 of 4

_Michael J Walsh_

Signature of Grantor

_MICHAEL J WALSH_

Name of Grantor

_John E Collins_

Signature of Grantee

_John E Collins_

Name of Grantee

_Susan Ramsey_

_Jm A_

Signature of Witness #1 Printed Name of Witness #1

_Jasmine Bradford_

_Jasmine Bradford_

Signature of Witness #2 Printed Name of Witness #2

State of ILLINOIS County of COOK

On _February 28th_____, 2017 the Grantor, _Michael Walsh_____, personally came before me Michael J. Walsh of Walsh and Sons, Inc. and known to me to be authorized agent of the Corporation that executed this Warranty Deed/instrument to be free and voluntary act. By his authority of its by-laws and/or by resolution of its board of directors and on oath stated that he is in-fact the guarantor and authorized to execute this warranty deed, being duly sworn, did state and prove that he/she is the person described in the above instrument and that he/she signed the above instrument in my presence.

_____
Notary Signature,
Notary Public,
In and for the County of ___Lake___     State of ___Indiana___
My commission expires: _06/06/24_____    Seal
Send all tax statements to Grantee.
John E. Collins agent for J.E.C. Corp.
183 W. 162nd Street
South Holland, Illinois 60473
Prepared by Attorney A. Galic
134 N La Salle St.
Chicago, Illinois 60602

Page 4 of 4

"OFFICIAL SEAL"
Matthew A. Townley
Notary Public, State of Indiana
County of Lake
My Commission Expires 06/06/24

_Revised By Michael Walsh_

_Attorney Mr Robert Keas_

MICHAEL WALSH AGREES TO TRANSFER THE PROPERTY TO JOHN COLLINS FOR AN INITIAL SALE OF $300 TODAY 2/28/17 AND AN AGREEMENT THAT HE WILL PAY $200 PER WEEK FOR A PERIOD OF SIX MONTHS. SOLD AS IS WITH NO PAST OR FUTURE LIABILITY OF ANY KIND TO MICHAEL WALSH OR WALSH & SONS INC.

**Exhibit A**

REAL ESTATE TRANSACTION TAX

COUNTY TAX

APR. 12.17

REVENUE STAMP

REAL ESTATE TRANSFER TAX

0010125

FP 103039

THIS INSTRUMENT PREPARED BY
AND WHEN RECORDED RETURN TO:



# VILLAGE OF SOUTH HOLLAND
## CERTIFICATE OF PAYMENT
### OF OUTSTANDING SERVICE CHARGES

The undersigned, Deputy Village Clerk for the Village of South Holland, Cook County, Illinois, certifies that all outstanding service charges, including but not limited to, water service, building code violations, and other charges, plus penalties for delinquent payments, if any, for the following described property have been paid in full as of the date of issuance set forth below.

Title Holder's Name: **Michael Walsh**

Mailing Address: **7 Monicqwa Ct., Park Forest, Il 60466**

Telephone No.: **708-906-2446**

Attorney or Agent: **A. Cralic**

Telephone No.: **312-899-6576**

Fax No. **N/A**

Property Address: **183 West 162nd St**

**South Holland, IL 60473**

Property Index Number (PIN): **29-21-200-060-0000**

Water Account Number: **0210174602**

Date of Issuance: **4/11/17**

State of Illinois )
County of Cook )
This instrument was acknowledged before me on _Apr 11__ _17_ by
_Michelle R. Liddell_

_Michelle R. Liddell_
(Signature of Notary Public)
(SEAL)

VILLAGE OF SOUTH HOLLAND
By:_____
Deputy Village Clerk or Representative

OFFICIAL SEAL
MICHELLE R LIDDELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/13/20

**THIS CERTIFICATE IS GOOD FOR ONLY 30 DAYS AFTER THE DATE OF ISSUANCE.**

D-9

# Exhibit A

# CORRECTIVE RECORDING AFFIDAVIT

THIS FORM IS PROVIDED COMPLIMENTS OF KAREN A. YARBROUGH, COOK COUNTY RECORDER OF DEEDS, AS A COURTESY FORM WHICH MAY BE USED TO DETAIL A DESIRED CORRECTION TO A PREVIOUSLY RECORDED DOCUMENT. CUSTOMERS MAY USE THEIR OWN AFFIDAVIT AS WELL, BUT IT MUST INCLUDE ALL OF THE BELOW REQUIRED INFORMATION. THIS FORM DOES NOT CONSTITUTE LEGAL ADVICE.

PREPARER: John E Collins

Doc# 1729657017 Fee $60.00

RHSP FEE:$9.00 RPRF FEE: $1.00

KAREN A.YARBROUGH

COOK COUNTY RECORDER OF DEEDS

DATE: 10/23/2017 03:03 PM PG: 1 OF 12

THE COOK COUNTY RECORDER OF DEEDS (CCRD) NO LONGER ACCEPTS RE-RECORDINGS, BUT INSTEAD OFFERS CORRECTIVE RECORDINGS. DOCUMENTS ATTEMPTING TO UPDATE A PREVIOUSLY RECORDED DOCUMENT MUST INCLUDE THE FOLLOWING INFORMATION, PLUS A CERTIFIED COPY OR THE ORIGINAL.

I, John E Collins THE AFFIANT, do hereby swear or affirm, that the attached document with the document number: 1710247019, which was recorded on 4-12-2017 by the Cook County Recorder of Deeds, in the State of Illinois, contained the following ERROR, which this affidavit seeks to correct:

DETAILED EXPLANATION (INCLUDING PAGE NUMBER(S), LOCATION, PARAGRAPH, ETC.) OF ERROR AND WHAT THE CORRECTION IS. USE ADDITIONAL SHEET IF MORE SPACE NEEDED FOR EXPLANATION OR SIGNATURES.

See Attached

Furthermore, I, John E Collins THE AFFIANT, do hereby swear or affirm, that this submission includes a CERTIFIED COPY OR THE ORIGINAL DOCUMENT, and this Corrective Recording Affidavit is being submitted to correct the aforementioned error. Finally, this correction was approved and/or agreed to by the original GRANTOR(S) and GRANTEE(S), as evidenced by their notarized signature's below (or on a separate page for multiple signatures).

| PRINT GRANTOR NAME ABOVE | GRANTOR SIGNATURE ABOVE | DATE AFFIDAVIT EXECUTED |
|---|---|---|
| JK E Collins | John E Collins | 10-23-17 |
| PRINT GRANTEE NAME ABOVE | GRANTEE SIGNATURE | DATE AFFIDAVIT EXECUTED |
| | | |
| GRANTOR/GRANTEE 2 ABOVE | GRANTOR/GRANTEE 2 SIGNATURE | DATE AFFIDAVIT EXECUTED |
| | | |
| PRINT AFFIANT NAME ABOVE | AFFIANT SIGNATURE ABOVE | DATE AFFIDAVIT EXECUTED |

NOTARY SECTION TO BE COMPLETED AND FILLED OUT BY WITNESSING NOTARY

STATE: IL )
) SS
COUNTY COOK )

OFFICIAL SEAL
LOUIS REYES
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 01/14/21

Exhibit E1

# Exhibit A

*Exhibit*

Recording Requested By

John E. Collins
183 West 162ⁿᵈ Street
South Holland, IL 60473

When Recorded, mail to:
John E. Collins
183 W. 162ⁿᵈ Street

Space Above This Line For Recorder's Use

## CORRECTION DEED

### THE STATE OF ILLINOIS

### COOK COUNTY

## Pursuant to Illinois State Statute 55ILCS 5/3-5001

That whereas Michael J. Walsh Principle authorized agent of Walsh and Sons Inc. of the County of Cook , State of Illinois, as Grantor, hereinafter referred to as Grantor, whether one or more, did, on or about the 28th day of February, 2017 execute and deliver to John E. Collins Authorized agent of J.J.E.C. Inc. of the County of Cook, State of Illinois, as Grantee, a conveyance of the certain lands, situated at 183-185 W. 162ⁿᵈ Street in the Village of South Holland County of Cook, State of Illinois, 60473 and more particularly described in Exhibit "A" which is attached hereto and incorporated herein for any and all purposes, and which said conveyance contains a mutual mistake and is recorded as Deed Records Document #1710247012 in the State of Illinois in the County of Cook; and whereas, to prevent difficulties hereafter, it is appropriate to correct the record in this regard to all identified mistakes and, or defects to the recorded document.

NOW, THEREFORE, the said Grantors, for valuable consideration of the sum paid to them by the Grantee, which is hereby acknowledged, hereby Grants, Sells, Conveys and Confirms unto the said Grantee all of the tract of land situated in the County of Cook, State of Illinois, which is described in the said Exhibit "A". 183-185 West 162ⁿᵈ Street Property tax Parcel/P.I. Numbers: 29-21-200-060-0000, 29-21-200-062-0000, 029-21-200-042-0000.

Terms a Conditions
Grantee John E. Collins, Agent for J.J.E.C Inc. assumes and agrees to pay any and all payments coming due after transfer of title. All transfer fees not excluding: Closing Cost, Transfer Stamps, Payment of

E-2

# Exhibit A

taxes, Water and Sewer Cost, Code Violations and penalties to the Village of South Holland Illinois.

**Earnest Money Deposits: Grantor Michael J. Walsh** acknowledges the sum a of **$120,000.00 Earnest Money** deposit from **Grantee John Collins,** Principle agent for **J.J.E.C. Inc.** upon signing of Land Lease Agreement Executed by Legal Notary May 8, 2015.

**Grantor Michael J. Walsh** gives full disclosure and Power of Attorney to request and or file all missing documentation etc. and the transfer of all Tax Incremented Funding (TIF), Enterprise Zone Funding, discounts and, or credits awarded for past, current and future taxes, real estate and land improvement grants approved by the Village of South Holland, Illinois not excluding tax services and awards for building resulting from the services of William Sandrick "Sandrick Law Firm LLC" a referral Law Firm located at 16475 Van Dam Rd. in the Village of South Holland, Illinois to Grantee.

**Release of Note**
The **Grantor** agrees to the settlement and release of all interest in the above mentioned Land and Real Property to the **Grantee** in consideration for the total amount of **$256,535.00** Two Hundred Fifty Six Thousand Five Hundred Thirty Five Dollars 00/100 paid by **Grantee** in rents, taxes, loans, and or improvements to the Land and Real Property upon the signing of this document.

**TO HAVE AND TO HOLD** the premises, described in said Exhibit "A" herein conveyed together with all and singular the rights and appurtenances thereto in any wise belonging unto the Grantee and its assigns forever; and Grantors do hereby bind ourselves, our heirs, executors, administrators, successors and assigns to Warrant and Forever Defend all and singular the said premises herein conveyed and its assigns against every person whomsoever lawfully claiming or to claim the same or any part This is a correction deed, given and accepted as such in substitution for such earlier deed dated on the **12th day of April 2017,** and it shall be effectual as of and retroactive to such date. However, except as herein corrected, such prior deed shall remain in full force and effect.

**IN WITNESS WHEREOF,** this instrument is executed on this the 17th day of OCTOBER, 2017.

_____
Signature of Grantor

_____
Signature of Grantee

_____
Notary Public

Expiration Date: __12-1-17__    County __LAKE__    State of __IL__

_____
Printed Name of Grantor

_John E Collins_
Printed Name of Grantee

Date: __10-17-17__    Seal

"OFFICIAL SEAL"
JAMES LOMONACO
Notary Public, State of Illinois
My Commission Expires December 1, 2017

E-3

# Exhibit A

## EXHIBIT A

PARCEL 1: [illegible degraded text]

PARCEL 2: [illegible degraded text]

PARCEL 3: [illegible degraded text]

[illegible degraded text]

E-4

**Exhibit A**

Page 4 of 5

# Commercial Lease Purchase Release

The undersigned **Michael J. Walsh Principle Agent for Walsh and Sons Inc.**, located **185 West 162nd Street South Holland, IL 60473** in consideration of ten dollars ($10.00) and payments of all rents, rehab and improvements to the property whose legal address is **183-185 West 162nd Street South Holland, IL 60473 with legal pins# 29-21-200-042-0000, 29-21-200-060-0000, 29-21-200-062-000** does hereby remise, release, and forever discharge **John E. Collins Authorize Agent for J.J.E.C. Inc.,** located at **185 West 162nd Street South Holland, IL 60473** his heirs, assigns, executors, and administrators from all actions, causes of action, claims and demands whatsoever, whether or not well founded in fact or in law, and from all suits, debts, dues, sums of money, accounts, reckonings, notes (or bonds), bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, executions, claims and demands whatsoever, at law or in equity that undersigned ever had, now has, or that his heirs, executors or administrators hereafter may have against the party hereby released by reason of any matter, cause or thing whatsoever not to exclude **Auto Future Inc.** up to and including the date of this release recorded the 28th day of February 2017.

It is the specific intent and purpose of this instrument to release and discharge any and all claims and causes of action of any kind or nature whatsoever, whether known or unknown and whether specifically mentioned or not, which may exist or might be claimed to exist at or prior to the date of this instrument and undersigned specifically waives any claim or right to assert that any cause of action or alleged cause of action or claim or demand has been, through oversight or error or intentionally or unintentionally, omitted from this release.

Dated this the **17th** Day of **October 2017**

_Signature of Grantor_

_Signature of Grantee_

_Notary Public_

Date: 101717   Seal

Printed Name of Grantor

_John E Collins_

Printed Name of Grantee

```
"OFFICIAL SEAL"
JAMES LOMONACO
Notary Public, State of Illinois
My Commission Expires December 1, 2017
```

Expiration Date: 12-1-17   County LAKE   State of IL

E-5

# Exhibit A



**Department of Economic Development**
**John M. Watson Jr., Director**
**16220** Wausau Ave. | South Holland, Illinois 60473
Phone; 708-210-2903 | Fax: 708-210-1019
www.southholland.org

May 2, 2019

Andrea Paxton

Thank you for choosing the Village of South Holland as your desired business location. We appreciate your commitment to this community.

You are likely familiar with the phrase "CLEAN, BRIGHT AND BEAUTIFUL," which is continuously referenced by Mayor Don De Graff from our Vision 2022 ten-year plan. Mayor De Graff and all South Holland stakeholders understand the impact that a buildings' and properties' physical appearance can have on the vitality of our community, particularly along Route 6, our main business corridor.

As such, Mayor De Graff has asked me to reach out to extend the opportunity for you to participate in the Village's new Façade Improvement grant program. This exciting opportunity will assist and incentivize you and other Route 6 businesses to make exterior improvements to increase the physical attractiveness and marketability of your property and the Rt. 6 corridor. Here are a few highlights:

- ✓ Financial incentives are available to all businesses on Route 6 which are located within one of our four Tax Incentive Financing (TIF) districts.

- ✓ Participating businesses will receive a *FREE* consultation with an architect to explore the possibilities of how you can enhance the exterior of your building and property.

- ✓ The Village will provide a grant of up to $50,000 (up to 50% of the cost of the upgrades*). See the enclosed brochure for details.

- ✓ You will receive special recognition from the Village for your participation, which will bring increased attention – and business – to your establishment.

Mayor De Graff would like you to join him, along with members of the Village Board, Administration, and the Economic Development team, on Thursday May 9, at 8am at the South Holland Community Center to learn more about this exciting opportunity. A continental breakfast will be served.

Should you have any questions whatsoever, please feel free to call me at 708-210-2903.

Thank you and I look forward to your participation.

John M. Watson, Jr.

Cc: Mayor Don De Graff
Trustee Larry DeYoung
J. Wynsma, Village Administrator
Frank Knittle, Director of Planning & Development

F5

**Exhibit A**



**South Holland Fire Department**
**16230 Wausau AV**
**South Holland, IL 60473**

**Fire Inspection Violation Notice**
Monday December 18, 2017

Inspection 12/18/2017-- Violation

Occupant Name: Small Business Office Mailbox
183 W 162nd ST
Front Office
South Holland, IL 60473

Inspection Date: 12/18/2017

Occupant Number: 0032-001
Property
Owner/Occupant: A'ndrea Paxton

Inspected By: FFF Eric Bruinsma

An inspection of your facility revealed the violations listed below.

ORDER TO COMPLY: Since these conditions are contrary to law, you must correct them upon receipt of this notice. An inspection to determine compliance with this notice will be conducted on or around Monday January 29, 2018.

If you fail to comply with this notice before the reinspection date listed, you may be liable for the penalties provided for by law for such violations.

**Violation Code**

**703.2.3 Repair self-closer on door**

Swinging fire doors shall close from the full-open position and latch automatically. The door closer shall exert enough force to close and latch the door from any partially open position.

* REAR DOOR IS MISSING THE SELF-CLOSER. A SELF-CLOSER MUST BE INSTALLED.

**1011.5 Exit signs must be illuminated at all times**

Electrically powered, self-luminous and photoluminescent exit signs shall be listed and labeled in accordance with UL 924 and shall be installed in accordance with the manufacturer's instructions and Chapter 27 of the International Building Code. Exit signs shall be illuminated at all times.

* 2 EXIT SIGNS ARE NOT FUNCTIONING AND MUST BE ILLUMINATED AT ALL TIMES.

**506.1 Knox Box needed**

Where access to or within a structure or an area is restricted because of secured openings or where immediate access is necessary for life-saving or fire-fighting purposes, the fire code official is authorized to require a key box to be installed in an approved location. The key box shall be of an approved type listed in accordance with UL 1037, and shall contain keys to gain necessary access as required by the fire code official.

* A KNOX BOX MUST BE INSTALLED ON FRONT OF BUILDING NO HIGHER THAN 6 FEET OFF THE GROUND. THE KNOX BOX MUST BE ORDERED FROM KNOXBOX.COM.

12/18/2017  14:42

Page  1



**Exhibit A**



## South Holland Fire Department
### 16230 Wausau AV
### South Holland, IL 60473

#### Fire Inspection Violation Notice
##### Monday December 18, 2017

Occupant Name: F.A.M. Development Inc.
185 W 162nd ST
Front Office
South Holland, IL 60473

Inspection 12/18/2017— Violation

Inspection Date: 12/18/2017

Occupant Number: 0032-002
Property
Owner/Occupant: A'ndrea Paxton

Inspected By: FFF Eric Brainsma

---

An inspection of your facility revealed the violations listed below.

ORDER TO COMPLY: Since these conditions are contrary to law, you must correct them upon receipt of this notice. An inspection to determine compliance with this notice will be conducted on or around Monday January 29, 2018.
If you fail to comply with this notice before the reinspection date listed, you may be liable for the penalties provided for by law for such violations.

### Violation Code

**1011.5 Exit signs must be illuminated at all times**

Electrically powered, self-luminous and photoluminescent exit signs shall be listed and labeled in accordance with UL 924 and shall be installed in accordance with the manufacturer's instructions and Chapter 27 of the International Building Code. Exit signs shall be illuminated at all times.

**\* 2 EXIT SIGNS ARE NOT FUNCTIONING AND MUST BE ILLUMINATED AT ALL TIMES.**

**703.2.3 Repair self-closer on door**

Swinging fire doors shall close from the full-open position and latch automatically. The door closer shall exert enough force to close and latch the door from any partially open position.

**\* REAR DOOR IS MISSING THE SELF-CLOSER. A SELF-CLOSER MUST BE INSTALLED.**

**506.1 Knox Box needed**

Where access to or within a structure or an area is restricted because of secured openings or where immediate access is necessary for life-saving or fire-fighting purposes, the fire code official is authorized to require a key box to be installed in an approved location. The key box shall be of an approved type listed in accordance with UL 1037, and shall contain keys to gain necessary access as required by the fire code official.

**\* A KNOX BOX MUST BE INSTALLED ON FRONT OF BUILDING NO HIGHER THAN 6 FEET OFF THE**

12/18/2017  14:37

# Exhibit A



**The Village of South Holland**

*Faith, Family & Future*

*Rated "The Most Livable Community in the Chicagoland Region" by Forbes Magazine*
*John M. Watson, Jr. Director of Economic Development*
*jwatson@southholland.org*
*www.southholland.org*

December 21, 2017

John C. Photo Studio
183 W. 162nd Street
South Holland, IL. 60473

Ms Katlyn Metcalf & John Collins:

Thank you for choosing the Village of South Holland as your desired business location. We appreciate your commitment to our community.

As of the date of this correspondence, your business license for 2018 is approved. Please be sure to prominently display your license so that it is easily seen by all appropriate Village stakeholders.

Your company's success is of utmost importance to our community. Accordingly, please consider me as your primary resource with the Village, and do not hesitate to contact me whenever I can be of service to you.

Again, thank you for your business and for your commitment to the Village of South Holland.

Sincerely,

John M. Watson, Jr.

Cc:     Angela Harris
        File

*Village of South Holland    ◆    16226 Wausau Avenue    ◆    South Holland, IL  60473*
*Office:  708-210-2903    ◆    Fax:  708-210-1019*

**Exhibit A** G-3



The Village of
**South**
**Holland**
Faith, Family
& Future

*Rated "The Most Livable Community in the Chicagoland Region" by Forbes Magazine*
**John M. Watson, Jr. Director of Economic Development**
jwatson@southholland.org
www.southholland.org

December 21, 2017

F.A.M. Development Inc.
185 W. 162nd Street
South Holland, IL. 60473

A'ndrea A. Paxton:

Thank you for choosing the Village of South Holland as your desired business location.
We appreciate your commitment to our community.

As of the date of this correspondence, your business license for 2018 is approved. Please be sure
to prominently display your license so that it is easily seen by all appropriate Village
stakeholders.

Your company's success is of utmost importance to our community. Accordingly, please
consider me as your primary resource with the Village, and do not hesitate to contact me
whenever I can be of service to you.

Again, thank you for your business and for your commitment to the Village of South Holland.

Sincerely,

John M. Watson, Jr.

Cc:   Angela Harris
      File

*Village of South Holland*   ◆   16226 Wausau Avenue   ◆   South Holland, IL  60473
Office: 708-210-2903   ◆   Fax: 708-210-1019

# Exhibit A<sup>G-4</sup>



### The Village of South Holland
#### Faith, Family & Future

*Rated "The Most Livable Community in the Chicagoland Region" by Forbes Magazine*
*John M. Watson, Jr. Director of Economic Development*
jwatson@southholland.org
www.southholland.org

December 21, 2017

Small Business Office Mailbox Center
185 W. 162nd Street
South Holland, IL. 60473

A'ndrea A. Paxton:

Thank you for choosing the Village of South Holland as your desired business location. We appreciate your commitment to our community.

As of the date of this correspondence, your business license for 2018 is approved. Please be sure to prominently display your license so that it is easily seen by all appropriate Village stakeholders.

Your company's success is of utmost importance to our community. Accordingly, please consider me as your primary resource with the Village, and do not hesitate to contact me whenever I can be of service to you.

Again, thank you for your business and for your commitment to the Village of South Holland.

Sincerely,

John M. Watson, Jr.

Cc:     Angela Harris
        File

*Village of South Holland* ✦ 16226 Wausau Avenue ✦ South Holland, IL 60473
Office: 708-210-2903 ✦ Fax: 708-210-1019

**Exhibit A-5**



**Exhibit A**



**Exhibit A**



G-8

**Exhibit A**

Ronald Szopa ~ ronald.szopa@ctt.com
Vice President & National Commercial Counsel
Chicago Title Insurance Company ~ National Commercial Services | Chicago
10 South LaSalle St. Suite 3100, Chicago, IL 60603
p312-223-2202 | c312-720-2191

**From:** Dennis Bullard [mailto:dennisb@nchwlaw.com]
**Sent:** Thursday, November 02, 2017 10:33 AM
**To:** Szopa, Ronald <ronald.szopa@ctt.com>
**Subject:** RE: Extra Space So, Holland, IL Deed Issue

Hi, Ron-

I checked the Cook County Recorder of Deeds site this morning and it appears the deed was taken off the adjacent property and moved to the Extra Space site. There is nothing to show on the public site that anything happened in the last day or so; the records for both property just look the way they should (I believe).

Can you please look at the recorder site and let me know if you agree with my read?

The PINs for the adjacent property are 29-21-200-042-0000, 29-21-200-060-0000, 29-21-200-062-0000

Extra Space's PINs are 29-21-200-041-0000 and 29-21-200-049-0000

Thanks.

Dennis M. Bullard

Paralegal

Nelson Christensen Hollingworth & Williams

5292 College Drive, Suite 203

Murray, UT 84123

Direct: (801) 428-1812

Mobile: (801) 860-3736

dennisb@nchwlaw.com

**Exhibit A**



Subject: **RE: Extra Space So. Holland, IL Deed Issue**

From: dennisb@nchwlaw.com

To: ms.paxton@yahoo.com

Cc: JBurton@extraspace.com; spencer@nchwlaw.com

Date: Monday, November 6, 2017 09:50:06 AM CST

Dear Ms. Paxton-

We received your email and I am re-forwarding our update to you from November 2, 2017. The matter was corrected by Cook County Recorder's office. If you check the Recorder's on-line records, you will see that your title is "clean" so far as the mistakenly recorded deed is concerned, as the Recorder's office moved the deed from your property to Extra Space's (where they should have put it in the first place).

Thank you.

Dennis M. Bullard

Paralegal

**Nelson Christensen Hollingworth & Williams**

5292 College Drive, Suite 203

Murray, UT 84123

Direct: **(801) 428-1812**

Mobile: **(801) 860-3736**

dennisb@nchwlaw.com

From: Dennis Bullard
Sent: Thursday, November 02, 2017 1:58 PM
To: ms.paxton@yahoo.com
Cc: Jed Burton; Spencer B. Nelson
Subject: FW: Extra Space So. Holland, IL Deed Issue



**Exhibit A**

Dear Ms. Paxton-

I checked the Cook County Recorder of Deeds site this morning and it appears the deed was taken off your property records (as if it was never there in the first place) and properly moved to the Extra Space property records. There is no documentation to send you because there was nothing additional required by Cook County to correct their obvious recording error.

Please see comment below from Chicago Title's national commercial counsel also confirming that the situation has been corrected.

We are sorry for the recorder's error and hope this information provides you with what you need.

Thank you.

Respectfully,

Dennis M. Bullard

Paralegal

Nelson Christensen Hollingworth & Williams

5292 College Drive, Suite 203

Murray, UT 84123

Direct: (801) 428-1812

Mobile: (801) 860-3736

dennisb@nchwlaw.com

From: Szopa, Ronald [mailto:ronald.szopa@ctt.com]
Sent: Thursday, November 02, 2017 1:45 PM
To: Dennis Bullard
Subject: RE: Extra Space So. Holland, IL Deed Issue

You are right. The issue has been corrected.

**Exhibit A**

Welcome to 2020 Perfect Vision Land Records D.

Property Identification Number (PIN) Search: 29-21-200-042-0000 ( Total: 0.05 seconds, 10 rows) Index Posted Through: 08-24-2017

| | Date | PIN | Type Desc. | Doc. # | 1st Grantor | 1st Grantee | 1st Prior Doc# |
|---|---|---|---|---|---|---|---|
| | 7/26/2017 | 29-21-200-042-0000 | DEED | 1726713022 | EXTRA SPACE PROP FORTY NINE LLC | EXTRA SPACE PROERTIES | |
| | 4/12/2017 | 29-21-200-042-0000 | WARRANTY DEED | 1710247012 | WALSH MICHAEL J | COLLINS JOHN E | |
| | 8/29/2014 | 29-21-200-042-0000 | MORTGAGE | 1424116069 | WALSH & SONS INC | BMO HARRIS BK | |
| | 8/29/2014 | 29-21-200-042-0000 | ASSIGN MENT | 1423708014 | WALSH & SONS INC | BMO HARRIS BK | |
| | 8/29/2014 | 29-21-200-042-0000 | MORTGAGE | 1423742049 | WALSH & SONS INC | BMO HARRIS BK | |
| | 5/10/2013 | 29-21-200-042-0000 | RELEASE | 1313046150 | OLD NATL BK | ZIW INC | 9024019 5 |
| | 5/10/2013 | 29-21-200-042-0000 | SPECIAL WARRANT | 1313046150 | ZIW INC | WALSH & SONS INC | |

| Document No. | Executed | Recorded | Document Type |
|---|---|---|---|
| 1726713022 | 06/30/2017 | 07/26/2017 | DEED |

PIN(s) - 1

| PIN | Prop. Type | Condo Unit Num. | S-T-R | Sub-Div-Condo | Lot |
|---|---|---|---|---|---|
| 29-21-200-042-0000 | S | | 21-36-14 | COUNTYCLDNBI/4 | 1 |

Grantor(s) - 1

| Grantor(s) | Trust # |
|---|---|
| EXTRA SPACE PROP FORTY NINE LLC | |

Grantee(s) - 1

| Grantee(s) | Trust # |
|---|---|
| EXTRA SPACE PROERTIES | |

*Corrected By Cook County November 2, 2017*



**Exhibit A**





Prepared By:

Nelson Christensen Hollingworth & Williams
Spencer B. Nelson, Esq.
5292 College Drive, Suite 203
Murray, Utah 84123

Record and Return To:

Nelson Christensen Hollingworth & Williams
Spencer B. Nelson, Esq.
5292 College Drive, Suite 203
Murray, Utah 84123

and MAIL TAX STATEMENTS TO:

Extra Space Properties Two LLC
c/o PTA - EX #1104
PO Box 320099
Alexandria, VA 22320

Doc# 1720713022 Fee $43.00

RHSP FEE:$9.00 RPRF FEE: $1.00
AFFIDAVIT FEE: $2.00
KAREN A.YARBROUGH
COOK COUNTY RECORDER OF DEEDS
DATE: 07/26/2017 10:20 AM PG: 1 OF 6

ESS Property 1104
South Holland, Illinois

## DEED

THIS DEED, effective as of the 30ᵗʰ day of June, 2017 by Extra Space Properties Forty Nine LLC, a Delaware limited liability company, having an address of 2795 E. Cottonwood Parkway, #400, Salt Lake City, Utah 84121 ("Grantor"), in favor of Extra Space Properties Two LLC, a Delaware limited liability Company, having an address of 2795 E. Cottonwood Parkway, #400, Salt Lake City, Utah 84121 ("Grantee"),

WITNESSETH, that Grantor, for and in consideration of TEN DOLLARS ($10.00) and other good and valuable consideration paid by Grantee, the receipt and sufficiency of which are hereby acknowledged, does hereby sell and convey to Grantee and its successors and assigns, forever, all that certain plot, piece or parcel of land lying and being in the County of Cook, State of Illinois, as more particularly described on Exhibit A attached hereto and made a part hereof (the "Land") and all buildings, structures and other improvements located on the Land (collectively with the Land, the "Property");

SUBJECT TO all liens, leases, agreements, covenants, easements, rights of way, taxes, assessments, restrictions, consents and other matters affecting the Property, including without limitation all matters of record and all matters that an inspection of the Property or an accurate survey of the Property would disclose.

AND Grantor hereby binds itself and its successors to warrant and defend the title to the Property as against all acts of the Grantor herein and no other, subject to the matters above set forth.

Exhibit A

17207130Z2 Page: 2 of 6

IN WITNESS WHEREOF, Grantor has executed this deed as of the date set forth above.

Extra Space Properties Forty Nine LLC,
a Delaware limited liability company

By: _____
Name: DAVID L. RASMUSSEN
Title: Manager

STATE OF UTAH     )
               )SS.         ACKNOWLEDGMENT
COUNTY OF SALT LAKE   )

The foregoing instrument was acknowledged before me this 30th day of June, 2017 by DAVID L. RASMUSSEN, Manager of Extra Space Properties Forty Nine LLC, a Delaware limited liability company on behalf of the limited liability company.



DENNIS M. BULLARD
NOTARY PUBLIC · STATE OF UTAH
My Comm. Exp. 09/29/2020
Commission # 686793

_____
Notary Public,
State of Utah
County of Salt Lake

Name & Address of Taxpayer:
Extra Space Properties Two LLC
2795 E. Cottonwood Parkway, #400
Salt Lake City, Utah 84121

Exempt under provisions of Paragraph E,
Section 4, Real Estate Transfer Tax Act.

June 30 2019     _____
Date            Buyer, Seller or Representative



**Exhibit A**



1720713022 Page: 3 of 6

1720713022 Page: 3 of 6

Exhibit A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SOUTH HOLLAND, COUNTY OF COOK, STATE OF ILLINOIS, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:
THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LANDS IN THE NORTHEAST QUARTER OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, RECORDED SEPTEMBER 12, 1888, AS DOCUMENT NO. 1003439 DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTH WESTERLY CORNER OF SAID LOT 1, SAID POINT BEING THE INTERSECTION OF THE NORTH EASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD, WHERE IT CROSSES THE NORTH LINE OF SECTION 21 AFORESAID; THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21, 612.90 FEET TO A POINT OF BEGINNING; THENCE SOUTH AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, 200 FEET; THENCE WEST AND PARALLEL TO THE NORTH LINE OF SECTION 21, 100 FEET; THENCE NORTH AT RIGHT ANGLES TO THE AFORESAID LINE 200 FEET TO THE NORTH LINE OF SECTION 21; THENCE EAST 100 FEET TO THE PLACE OF BEGINNING (EXCEPT THE NORTH 50 FEET THEREOF OF SAID PREMISES CONVEYED TO THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS), ALL IN COOK COUNTY, ILLINOIS.

PARCEL 2:
THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LANDS IN THE NORTHEAST QUARTER OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, RECORDED SEPTEMBER 12, 1888, AS DOCUMENT NO. 1003439 DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTH WESTERLY CORNER OF SAID LOT 1, SAID POINT BEING THE INTERSECTION OF THE NORTH EASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF SECTION 21, AFORESAID; THENCE IN AN EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21, 712.90 FEET TO A POINT OF BEGINNING; THENCE SOUTH AT A RIGHT ANGLE TO THE NORTH LINE OF SECTION 21, 200 FEET; THENCE WEST AND PARALLEL TO THE NORTH LINE OF SECTION 21, 100 FEET; THENCE NORTH AT RIGHT ANGLES TO THE AFORESAID LINE 200 FEET TO THE NORTH LINE OF SECTION 21; THENCE EAST 100 FEET TO THE PLACE OF BEGINNING (EXCEPT THE NORTH 50 FEET THEREOF OF SAID PREMISES CONVEYED TO THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS), IN COOK COUNTY, ILLINOIS.

PARCEL 3:
THAT PART OF LOT 1 IN COUNTY CLERK'S DIVISION OF UNSUBDIVIDED LANDS IN THE NORTHEAST 1/4 OF SECTION 21, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, RECORDED SEPTEMBER 12, 1888 AS DOCUMENT 1003439 DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHWESTERLY CORNER OF SAID LOT 1 SAID POINT BEING THE INTERSECTION OF THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD WHERE IT CROSSES THE NORTH LINE OF SECTION 21 AFORESAID; THENCE IN A EASTERLY DIRECTION ALONG THE NORTH LINE OF SAID SECTION 21, 712.90 FEET TO THE POINT OF BEGINNING; THENCE SOUTH AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21, 200 FEET; THENCE

**Exhibit A**



1720713022 Page: 4 of 8

WEST AND PARALLEL TO THE NORTH LINE OF SECTION 21, 100 FEET; THENCE SOUTH AT RIGHT ANGLES TO THE AFORESAID LINE 344.69 FEET TO THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE GRAND TRUNK RAILROAD; THENCE SOUTHEASTERLY ALONG THE NORTHERLY RIGHT OF WAY OF THE GRAND TRUNK RAILROAD 300.96 FEET TO A POINT ON A LINE 125 FEET EAST OF THE POINT OF BEGINNING AND AT RIGHT ANGLES TO THE NORTH LINE OF SECTION 21; THENCE NORTH ALONG SAID LAST DESCRIBED LINE 744.69 FEET TO A POINT IN THE NORTH LINE OF SECTION 21, 125 FEET EAST OF THE POINT OF BEGINNING; THENCE WEST ALONG THE NORTH LINE OF SECTION 21, 125 FEET TO THE POINT OF BEGINNING (EXCEPT THE NORTH 50 FEET OF SAID PREMISES CONVEYED TO THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS), IN COOK COUNTY, ILLINOIS.

PIN 29-21-200-041-0000; 29-21-200-049-0000
175 West 162nd Street, South Holland, IL 60473

H-10

**Exhibit A**

## STATEMENT BY GRANTOR AND GRANTEE

The grantor or his agent affirms that, to the best of his knowledge, the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Dated _____ June 30 _____, 20 17

Signature: _____ Manager

Grantor or Agent

Subscribed and sworn to before me
By the said   DAVID L. RASMUSSEN
This ___30th___, day of _____June_____, 20 17
Notary Public _____

DENNIS M. BULLARD
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 06/29/2020
Commission # 689796

The grantee or his agent affirms and verifies that the name of the grantee shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Date _____ June 30 _____, 2017

Signature: _____ Manager

Grantee or Agent

Subscribed and sworn to before me
By the said   DAVID L. RASMUSSEN
This ___30th___, day of _____June_____, 2017
Notary Public _____

DENNIS M. BULLARD
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 06/29/2020
Commission # 689796

Note: Any person who knowingly submits a false statement concerning the identity of a Grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

(Attach to deed or ABI to be recorded in Cook County, Illinois if exempt under provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.)

H-11

# Exhibit A

1720713022 Page: 6 of 6

THIS INSTRUMENT PREPARED BY
AND WHEN RECORDED RETURN TO:

---

### VILLAGE OF SOUTH HOLLAND
### CERTIFICATE OF PAYMENT
### OF OUTSTANDING SERVICE CHARGES

The undersigned, Deputy Village Clerk for the Village of South Holland, Cook County, Illinois, certifies that all outstanding service charges, including but not limited to, water service, building code violations, and other charges, plus penalties for delinquent payments, if any, for the following described property have been paid in full as of the date of issuance set forth below.

Title Holder's Name: **Extra Space Properties Forty Nine, LLC**

Mailing Address: **2795 E. Cottonwood Parkway #400, Salt Lake City, UT 84121**

Telephone No.: **801.562.5556**

Attorney or Agent: **David Rasmussen**

Telephone No.: **801.562.5556**

Fax No. **N/A**

Property Address: **175 W. 162nd St.**

**South Holland, IL 60473**

Property Index Number (PIN): **29-21-200-041-0000**

Water Account Number: **0210175000**

Date of Issuance: **7/25/2017**

State of Illinois )
County of Cook)
This instrument was acknowledged before me on July 25 , 17 by
Michelle R Liddell

_Michelle R Liddell_
(Signature of Notary Public)
(SEAL)

VILLAGE OF SOUTH HOLLAND

By: _____
Deputy Village Clerk or Representative

OFFICIAL SEAL
MICHELLE R LIDDELL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/13/20

**THIS CERTIFICATE IS GOOD FOR ONLY 30 DAYS AFTER THE DATE OF ISSUANCE.**

# Exhibit A

Property Data | Exemption History | Appeal History | Certificate of Error

## Property Characteristics

### 2017 Tax Year Property Information

| | |
|---|---|
| **PIN:** | 29-21-200-062-0000 |
| **\*Property Location:** | 813 CHERRY LN |
| **City:** | SOUTH HOLLAND |
| **Township:** | Thornton |
| **Property Classification:** | 517 |
| **Square Footage (Land):** | 18,861 |
| **Neighborhood:** | 130 |
| **Taxcode:** | 32283 |



29212000620000  03/31/2008

### Assessed Valuation

| | 2017 First Pass | 2016 Board of Review Certified |
|---|---|---|
| Land Assessed Value | 12,259 | 11,316 |
| Building Assessed Value | 8,741 | 7,980 |
| Total Assessed Value | 21,000 | 19,296 |

### Property Characteristics

| | |
|---|---|
| Estimated 2017 Market Value | N/A |
| Estimated 2016 Market Value | N/A |
| Description | ** |
| Age | ** |
| Building Square Footage | ** |
| Assessment Pass | First Pass |

\* "Property Location" is not a legal/postal mailing address. Its sole purpose is to help our Office locate the property. Therefore, you should not utilize the property location for any purpose, however, you may update the Property Location with your Legal/Postal Mailing Address should you choose to do so. Updating the address will not change the Property Location to a Legal/Postal Mailing Address.

\*\* Information may be available by submitting an FOIA Request.

Exhibit - I.1

# Exhibit A



3/2/2021

Cook County Treasurer's Office – Chicago, Illinois

# Your Property Tax Overview

OVERVIEW - PAYMENTS

Property Index Number (PIN):  29-21-200-060-0000

BEGIN A NEW SEARCH

Scroll down for more information.



2921200060000 03/31/2008

**Property Location:**
813 CHERRY LN
SOUTH HOLLAND, IL 60473-0000

**Mailing Information:**
F A M DEV INC
183-185 W 162ND ST
S HOLLAND, IL 60473-2004

Update Your Information

## Are Your Taxes Paid?



# URGENT!

## YOUR DELINQUENT TAXES

### ARE OUTSTANDING FOR TAX YEAR(S): 2017

**CONTACT THE COUNTY CLERK TO FIND OUT THE AMOUNT YOU OWE**

### Tax Year 2020 (billed in 2021)   Total Amount Billed: $863.54

1st INSTALLMENT - Tax Year 2020

**Original Billed Amount:**



# Exhibit A

Property Data   Exemption History   Appeal History   Certificate of Error

## Property Characteristics

### 2017 Tax Year Property Information

| | |
|---|---|
| PIN: | 29-21-200-042-0000 |
| *Property Location: | 813 CHERRY LN |
| City: | SOUTH HOLLAND |
| Township: | Thornton |
| Property Classification: | 880 |
| Square Footage (Land): | 26,549 |
| Neighborhood: | 130 |
| Taxcode: | 37283 |

29212000420000 03/31/2008

### Assessed Valuation

| | 2017 First Pass | 2016 Board of Review Certified |
|---|---|---|
| Land Assessed Value | 5,873 | 5,309 |
| Building Assessed Value | 14,705 | 10,438 |
| Total Assessed Value | 20,578 | 15,747 |

### Property Characteristics

| | |
|---|---|
| Estimated 2017 Market Value | N/A |
| Estimated 2016 Market Value | N/A |
| Description | ** |
| Age | ** |
| Building Square Footage | ** |
| Assessment Pass | First Pass |

*"Property Location" is not a legal/postal mailing address. Its sole purpose is to help our Office locate the property. Therefore, you should not utilize the property location for any purpose, however, you may update the Property Location with your Legal/Postal Mailing Address should you choose to do so. Updating the address will not change the Property Location to a Legal/Postal Mailing Address.

** Information may be available by submitting an FOIA Request.



**Exhibit A**

Page 5 of 5

# F.A.M. Development Inc.

## Authorization of Release of Confidential Information

I Michael J. Walsh Principle Agent for Walsh and Sons Inc.
Adress: _183 - 185 - W. 162nd  South Holland, IL 60473_

Authorize: William Sandrick  or Sandrick Law Firm LLC to release all documents pertaining to:

The Property Located at 183-185 W.162nd Street South Holland, IL 60473

Legal Pin# 29-21-200-042-0000, 29-21-200-060-0000, 29-21-200-062-0000

NAME OF PERSONS TO WHICH THIS DISCLOSURE IS MADE:    John E. Collins Authorized

for J.J.E.C. Agent and, or his Authorized Agent(s)

_signature_
Grantor Signature
_Michael  J. Walsh_
Print Grantor Name
Date: _10/17/17_

_signature_
Grantee Signature
_John E Collins_
Print Grantee Name
Date: _____

Acknowledgement

State of Illinois
County of _Cook_

This instrument was acknowledged before me on ___10-17-17___

by _Michael J Walsh And John E. Collins_
_____ Notary Public's Signature

"OFFICIAL SEAL"
JAMES LOMONACO
Notary Public, State of Illinois
My Commission Expires December 1, 2017

_Exhibit J1 - __ __

# Exhibit A

# SANDRICK LAW FIRM LLC

## CONTINGENT FEE AGREEMENT — 2014-2016 REASSESSMENT

**Thornton Township**

**Address:** 183 - 185 W. 162nd St., South Holland

**P.I.N.:** 29-21-200-042, 060 & 062

**Client:** Mick Walsh

By this agreement Sandrick Law Firm, LLC (SLF) is hereby retained and authorized to file Complaints with the Assessor and/or Board Appeals or Board of Review and take such action as may be necessary to obtain an assessment reduction and/or tax refund.

SLF shall be paid a Contingent Fee equal to 33 1/3% of the savings obtained for the tax year 2014, the first year of the reassessment period (2014-16). Tax saving is computed by applying the last known equalization factor and tax rate to the difference between the Assessor's original assessment and the final assessment for that year.

If within SLF's discretion, further appeal to the State of Illinois Property Tax Appeal Board (PTAB) and/or the courts is necessary, or if it is necessary to request the issuance of Certificates of Error, the contingent fee is one-third of any tax saving and/or tax refund issued pursuant to Order of the PTAB and/or the courts. If SLF secures a refund, Client authorizes SLF to endorse any tax refund checks payable to Client for deposit to SLF's Special Account and to disburse such refund in accordance with the Agreement and in payment of all fees and expenses for this and any other Client matter.

The sale, foreclosure or any other transfer or disposition of the subject will not relieve client from their obligation to pay any contingent fees as said forth by this Contingent Fee Agreement

Fees shall be due and payable within 30 days of the issuance of the statement for professional services. Where co-counsel is involved, one-third of said contingent fee will be paid by SLF to co-counsel. SLF reserves the right to withdraw its representation of Client with proper notice in this and any other matter if fees are not timely paid.

Subject to prior approval, Client agrees to pay filing fees and all costs for appraisers and expert witness. Client shall fully cooperate with SLF and shall timely provide all requested information and documentation.

SANDRICK LAW FIRM LLC                    CLIENT: MICK WALSH

BY _____ Date _____   By _____ Date 7/11/14

J-3

**Exhibit A**

# SANDRICK LAW FIRM LLC

July 2, 2014

Mr. Mick Walsh
Walsh & Sons, Inc
183 West 162nd Street
South Holland, IL 60473

Re: 2014 Thornton Township Reassessment
185 - 185 W. 162nd St., South Holland / 29-21-200-042, 060 & 062

Dear Mick,

All real estate located in the south and southwest suburbs will be reassessed in 2014. The last reassessment of this area was in 2011. We anticipate the Notices of Assessment to be issued in August.

For the above-referenced property, please find enclosed, are two Contingent Fee Agreements (CFA's) which detail the scope and terms of our representation for purposes of appealing this upcoming reassessment. <u>Please review the CFA, sign and return one copy while retaining the second copy for your records.</u>

Also enclosed are <u>two</u> Owner/Lessee Verification Forms: one for the Cook County Assessor's Office and one for the Cook County Board of Review. Please complete and sign <u>both</u> forms and return along with <u>one</u> copy of the CFA.

We will contact you as the township reassessment schedule is published to get any further documentation/information that is necessary to our appeal. I certainly appreciate the opportunity to be of service to you for past appeals and look forward to continuing our successful relationship.

Sincerely,

SANDRICK LAW FIRM LLC

William L. Sandrick

WLS/so

Enclosures

**Exhibit A**

DATE AND TIME OF PRINTING: 05/03/24 [illegible]

## Settlement Statement (HUD-1)

**B. TYPE OF LOAN**

1. ☐ FHA  2. ☐ RHS  3. ☐ Conv. Unins.
4. ☐ VA  5. ☐ Conv. Ins.

| 6. File Number: 52011148 052011148-001 | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| WALSH AND SONS, INC. 183-185 WEST 162ND STREET SOUTH HOLLAND, ILLINOIS 60473 | ZINI, INC. 183-185 WEST 162ND STREET SOUTH HOLLAND, ILLINOIS 60473 | CASH DEAL |

| G. Property Location: | H. Settlement Agent: (708) 206-2170 | I. Settlement Date: 02:30 |
|---|---|---|
| 183-185 WEST 162ND STREET SOUTH HOLLAND, ILLINOIS 60473 | FNT - HOMEWOOD OFFICE 1055 W. 175TH ST. #102 HOMEWOOD ILLINOIS 60430 | May 08, 2013 Funding Date: |
| | Place of Settlement: 1055 W. 175TH ST. #102 HOMEWOOD ILLINOIS 60430 | Disbursement Date: May 08, 2013 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 10,000.00 | 401. Contract sales price | 10,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 43,361.56 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMT DUE FROM BORROWER | 53,361.56 | 420. GROSS AMT DUE TO SELLER | 10,000.00 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | 2,500.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 7,500.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. DEPOSIT APPLIED TO BROKER'S COMMISSION | 2,500.00 |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 2,500.00 | 520. TOTAL REDUCTIONS AMT DUE SELLER | 10,000.00 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amt due from borrower (line 120) | 53,361.56 | 601. Gross amt due to seller (line 420) | 10,000.00 |
| 302. Less amts paid by/for borrower (line 220) | ( 2,500.00) | 602. Less reductions in amt due seller (line 520) | ( 10,000.00) |
| 303. CASH (☒ FROM) (☐ TO) BORROWER | 50,861.56 | 603. CASH (☐ TO) (☒ FROM) SELLER | 0.00 |



**Exhibit A**

OMB No. 2502-0265   Page 2

TIME OF PRINTING: 13:18
DATE OF PRINTING: 06/09/13

## L. SETTLEMENT CHARGES

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **700. Total Real Estate Broker Fees** | | |
| Division of Commission (line 700) as follows: | | |
| 701. $ 7,500.00 to MULDER REALTY, INC | | |
| 702. $ to | | 7,500.00 |
| 703. Commission paid at Settlement 2,500.00 | | |
| 704. Add'l Comm To | | |

| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
|---|---|---|---|
| 801. Our origination charge | $ | (from GFE #1) | |
| 802. Your credit and charge (points) for specific interest rate chosen | $ | (from GFE #2) | |
| 803. Your adjusted origination charges | | (from GFE A) | |
| 804. Appraisal fee to | | (from GFE #3) | |
| 805. Credit report to | | (from GFE #3) | |
| 806. Tax service to | | (from GFE #3) | |
| 807. Flood certification to | | (from GFE #3) | |
| 808. | | | |

| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
|---|---|---|---|
| 901. Daily interest charges from to @$ /day | | (from GFE #10) | |
| 902. Mortgage insurance premium for months to | | (from GFE #3) | |
| 903. Homeowner's insurance for years to | | (from GFE #11) | |
| 904. | | | |

| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
|---|---|---|---|
| 1001. Initial deposit for your escrow account | | (from GFE #9) | |
| 1002. Homeowner's insurance months @ $ per month $ | | | |
| 1003. Mortgage insurance months @ $ per month $ | | | |
| 1004. months @ $ per month $ | | | |
| 1005. months @ $ per month $ | | | |
| 1006. months @ $ per month $ | | | |
| 1007. Aggregate Accounting Adjustment $ | | | |

| **1100. TITLE CHARGES** | | | |
|---|---|---|---|
| 1101. Title services and lender's title insurance | | (from GFE #4) | 1,160.00 |
| 1102. Settlement or Closing Fee FIDELITY NATIONAL TITLE $ 785.00 | | | |
| 1103. Owner's title insurance to FNT - LANTING, PAARLBERG & ASSOCI | | (from GFE #5) | 1,250.00 |
| 1104. Lender's title insurance to FNT - LANTING, PAARLBERG & ASSOCI $ | | | |
| 1105. Lender's title policy limit $ | | | |
| 1106. Owner's title policy limit $10,000.00 | | | |
| 1107. Agent's portion of the total title insurance premium $ 1,100.00 | | | |
| 1108. Underwriter's portion of the total title insurance premium $ 150.00 | | | |
| 1109. Additional Closing Fees to FIDELITY NATIONAL TITLE INSURANCE $ 375.00 | | | |
| 1110. $ | | | |

| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
|---|---|---|---|
| 1201. Government recording charges | | (from GFE #7) | 73.00 |
| 1202. Deed $ Mortgage $ Release $ | | | |
| 1203. Transfer taxes | | (from GFE #8) | 15.00 |
| 1204. City/County tax/stamps Deed $ 5.00 Mortgage $ | | | |
| 1205. State tax/stamps Deed $ 10.00 Mortgage $ | | | |
| 1206. Additional Charges $ 73.00 | | | |

| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
|---|---|---|---|
| 1301. Required services that you can shop for | | (from GFE #6) | |
| 1302. REIM FOR WATER TO LORI SAULTERS | | | 191.58 |
| 1303. | | | |
| 1304. 2011 2nd INST. R.E. TAXES PIN 042 TO FNT FBO COOK COUNTY TR | | | 7,037.73 |
| 1305. 2012 1ST INST. R.E. TAXES PIN 042 TO FNT FBO COOK COUNTY TR | | | 6,650.06 |
| 1306. 2011 2nd INST. R.E. TAXES PIN 060 TO FNT FBO COOK COUNTY TR | | | 620.30 |
| 1307. 2012 1ST INST. R.E. TAXES PIN 060 TO FNT FBO COOK COUNTY TR. | | | 621.98 |
| 1308. ADDITIONAL SETTLEMENT CHARGES (ATTACHED) | | | 25,741.91 |

**Exhibit A**

ORD#/ABS# 52011148  IL  L1 - CASH DEAL
ESC#   052011148  ZJA UHW

DATE OF PRINTING: 05/08/13

| Charges That Cannot Increase | HUD-1 Line Number | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Our origination charge | # 801 | | |
| Your credit or charge (points) for specific interest rate chosen | # 802 | | |
| Your adjusted origination charges | # 803 | | |
| Transfer Taxes | #1203 | | |
| | Tolerance Adjustment | | |
| | Total | | |

| Charges That In Total, Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | #1201 | | |
| Title services and lender's title insurance | #1105 | | 517.50 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | Tolerance Adjustment | | |
| | Total | | 517.50 |
| | Increase between GFE and HUD-1 Charges | $ 517.50 or | 100.000 % |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | | |
| Daily interest charges | # 901 | | |
| Homeowner's insurance | # 903 | | |
| 2011 2nd INST. R.E. TAXES PIN 062 TO FNT | #1308 | | 13,780.54 |
| 2012 1ST INST. TAXES PIN 062 TO FNT FBO | #1308 | | 11,861.37 |
| BUYER ATTY FEES TO MICHAEL KRAUCH | #1305 | | 100.00 |
| | | | |
| | | | |
| | | | |
| | | | |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ |
| Your loan term is | years |
| Your initial interest rate is | |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $    includes<br>☐ Principal<br>☐ Interest<br>☐ Mortgage Insurance |
| Can your interest rate rise? | ☐ No. ☐ Yes, it can rise to a maximum of<br>The first change will be on<br>and can change again every<br>after<br>Every change date, your interest rate can increase or decrease by<br>Over the life of the loan, your interest rate is guaranteed to never be<br>lower than    or higher than |
| Even if you make payments on time, can your loan balance rise? | ☐ No. ☐ Yes, it can rise to a maximum of $ |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☐ No. ☐ Yes, the first increase can be on<br>and the monthly amount owed can rise to $<br>The maximum it can ever rise to is $ |
| Does your loan have a prepayment penalty? | ☐ No. ☐ Yes, your maximum prepayment penalty is $ |
| Does your loan have a balloon payment? | ☐ No. ☐ Yes, you have a balloon payment of $<br>due in   years on |
| | ☐ Yes, do not have a monthly escrow payment |

Exhibit A

OMB No. 2502-0265

Page 4

| ORD#/ABS# | 52011148 | 1IL | | SUPPLEMENTAL PAGE | TIME OF PRINTING: 13:18 |
|---|---|---|---|---|---|
| ESC# | 052011148 | 2JA | 0H2 | | DATE OF PRINTING: 05/08/13 |

### ADDITIONAL BUYER SETTLEMENT CHARGES

| | | CHARGE AMOUNT |
|---|---|---|
| | $ | |
| 1308.001 | 2012 2nd INST. R.E. TAXES PIN 052 TO FHT | 13,780.54 |
| 1308.002 | 2012 1ST INST. TAXES PIN 052 TO FHT FGO | 11,861.37 |
| 1308.003 | BUYER ATTY FEES TO MICHAEL KRAUCH | 100.00 |
| | $ | 25,741.91 |

TOTAL ADDITIONAL SETTLEMENT CHARGES  (LINE 1308)

### ADDITIONAL BUYER TITLE CHARGES

| | | CHARGE AMOUNT |
|---|---|---|
| | $ | 25.00 |
| 1109.001 | CLOSING PROTECTION LTR FEE - BUYER | 50.00 |
| 1109.002 | CLOSING PROTECTION LTR FEE - SELLER | 100.00 |
| 1109.003 | COMMITMENT UPDATE FEE | 100.00 |
| 1109.004 | POLICY LASER DATE FEE | 100.00 |
| 1109.005 | TAX PAYMENT FEE (2) | |
| | $ | 375.00 |

TOTAL buyer charges from page 2 (LINE 1109)

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

BORROWER'S:

SELLERS:

_Richard Walsh_

WALSH AND SONS, INC.

_Zini, Inc.   by_

ZINI, INC.

SETTLEMENT AGENT:
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

Settlement Agent

K-4

**Exhibit A**

# BOARD OF REVIEW DECISION SEARCH

## Property Information

**Address:** 813 CHERRY LN, SOUTH HOLLAND
**PIN:** 29-21-200-060-0000

## Current Year

There is no complaint on file with our office for the current session for the PIN you specified

## Appeal History

### 2016 Decision Information

Complaint:    3713458.001

Appellant:    F C TREADWAY ZIWI INC

Attorney:    SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2016 | 3713458 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2015 | 3713668 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2014 | 3703294 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2013 | 3702782 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2012 | 3702702 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |



# Exhibit A

**No Change Reason**

The No Change is the result of: Exhausting Administrative Remedies.

# 2015 Decision Information

Complaint: 3713668.002

Appellant: F C TREADWAY ZIWI INC

Attorney: SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2015 | 3713668 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2014 | 3703294 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2013 | 3702782 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2012 | 3702702 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2011 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |

**No Change Reason**

The No Change is the result of: This parcel is currently the subject of a matter pending before PTAB for a prior year or the Assessor held prior Board of Review action.

# 2014 Decision Information

Complaint: 3703294.002

Appellant: WALSH & SONS, INC.

Attorney: SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2014 | 3703294 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2013 | 3702782 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |



Exhibit A

| | | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| YEAR | COMPL# | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2011 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2010 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |

**No Change Reason**

The No Change is the result of: Consideration given to cost, income, or market data and/or your appraisal.

## 2013 Decision Information

Complaint: 3702782.001

Appellant: WALSH & SONS, INC.

Attorney: SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| | | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| YEAR | COMPL# | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2013 | 3702782 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2012 | 3702702 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2011 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2010 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2009 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |

**No Change Reason**

The No Change is the result of: Consideration given to cost, income, or market data and/or your appraisal.

## 2012 Decision Information

Complaint: 3702702.001

Appellant: ENIGMARCUS LLC



**Exhibit A**

Attorney: SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2011 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2010 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2009 | | $2,482 | $0 | $2,482 | $2,482 | $0 | $2,482 |
| 2008 | | $5,462 | $0 | $5,462 | $5,462 | $0 | $5,462 |

**No Change Reason**

The No Change is the result of: Result of no documentation submitted in addition to complaint form.



# Exhibit A

# BOARD OF REVIEW DECISION SEARCH

# Property Information

**Address:** 813 CHERRY LN, SOUTH HOLLAND
**PIN:** 29-21-200-062-0000

# Current Year

There is no complaint on file with our office for the current session for the PIN you specified

# Appeal History

## 2016 Decision Information

Complaint:    3713458.002

Appellant:    F C TREADWAY ZIWI INC

Attorney:     SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | **LAND** | **IMPRV.** | **TOTAL** | **LAND** | **IMPRV.** | **TOTAL** |
| 2016 | 3713458 | $11,316 | $7,980 | $19,296 | $11,316 | $7,980 | $19,296 |
| 2015 | 3713668 | $11,316 | $7,980 | $19,296 | $11,316 | $7,980 | $19,296 |
| 2014 | 3703294 | $11,316 | $9,314 | $20,630 | $11,316 | $7,980 | $19,296 |
| 2013 | 3702782 | $11,316 | $20,519 | $31,835 | $11,316 | $10,216 | $21,532 |
| 2012 | 3702702 | $28,291 | $97,392 | $125,683 | $28,291 | $97,392 | $125,683 |



**Exhibit A**

**No Change Reason**

The No Change is the result of: Exhausting Administrative Remedies.

# 2015 Decision Information

Complaint:  3713668.003

Appellant:  F C TREADWAY ZIWI INC

Attorney:  SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2015 | 3713668 | $11,316 | $7,980 | $19,296 | $11,316 | $7,980 | $19,296 |
| 2014 | 3703294 | $11,316 | $9,314 | $20,630 | $11,316 | $7,980 | $19,296 |
| 2013 | 3702782 | $11,316 | $20,519 | $31,835 | $11,316 | $10,216 | $21,532 |
| 2012 | 3702702 | $28,291 | $97,392 | $125,683 | $28,291 | $97,392 | $125,683 |
| 2011 | | $28,291 | $19,478 | $47,769 | $28,291 | $19,478 | $47,769 |

**No Change Reason**

The No Change is the result of: This parcel is currently the subject of a matter pending before PTAB for a prior year or the Assessor held prior Board of Review action.

# 2014 Decision Information

Complaint:  3703294.003

Appellant:  WALSH & SONS, INC.

Attorney:  SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2014 | 3703294 | $11,316 | $9,314 | $20,630 | $11,316 | $7,980 | $19,296 |
| 2013 | 3702782 | $11,316 | $20,519 | $31,835 | $11,316 | $10,216 | $21,532 |



| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|---|---|---|---|---|---|---|---|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $28,291 | $97,392 | $125,683 | $28,291 | $97,392 | $125,683 |
| 2011 | | $28,291 | $19,478 | $47,769 | $28,291 | $19,478 | $47,769 |
| 2010 | | $15,324 | $24,614 | $39,938 | $15,324 | $24,614 | $39,938 |

**Change Reason**

The Decrease is the result of: Consideration given to cost, income, or market date, and/or your appraisal.

## 2013 Decision Information

Complaint:   3702782.003

Appellant:   WALSH & SONS, INC.

Attorney:   SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|---|---|---|---|---|---|---|---|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2013 | 3702782 | $11,316 | $20,519 | $31,835 | $11,316 | $10,216 | $21,532 |
| 2012 | 3702702 | $28,291 | $97,392 | $125,683 | $28,291 | $97,392 | $125,683 |
| 2011 | | $28,291 | $19,478 | $47,769 | $28,291 | $19,478 | $47,769 |
| 2010 | | $15,324 | $24,614 | $39,938 | $15,324 | $24,614 | $39,938 |
| 2009 | | $15,324 | $24,491 | $39,815 | $15,324 | $24,491 | $39,815 |

**Change Reason**

The Decrease is the result of: Consideration given to cost, income, or market date, and/or your appraisal.

## 2012 Decision Information

Complaint:   3702702.003

Appellant:   ENIGMARCUS LLC



# Exhibit A

Attorney:   SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $28,291 | $97,392 | $125,683 | $28,291 | $97,392 | $125,683 |
| 2011 | | $28,291 | $19,478 | $47,769 | $28,291 | $19,478 | $47,769 |
| 2010 | | $15,324 | $24,614 | $39,938 | $15,324 | $24,614 | $39,938 |
| 2009 | | $15,324 | $24,491 | $39,815 | $15,324 | $24,491 | $39,815 |
| 2008 | 0199087 | $23,293 | $116,356 | $139,649 | $23,293 | $15,916 | $39,209 |

**No Change Reason**

The No Change is the result of: Result of no documentation submitted in addition to complaint form.

## 2008 Decision Information

Complaint:   0199087.002

Appellant:   ZIWI INC

Attorney:   <not specified> (AMARI & LOCALLO)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2008 | 0199087 | $23,293 | $116,356 | $139,649 | $23,293 | $15,916 | $39,209 |
| 2007 | | $14,334 | $98,716 | $113,050 | $14,334 | $98,716 | $113,050 |
| 2006 | | $14,334 | $98,716 | $113,050 | $14,334 | $98,716 | $113,050 |
| 2005 | | $14,334 | $98,716 | $113,050 | $14,334 | $98,716 | $113,050 |
| 2004 | | $10,695 | $84,521 | $95,216 | $10,695 | $84,521 | $95,216 |

**Change Reason**

The Decrease is the result of: Vacancy, demolition, fire, natural disaster, exemption, or a Certificate of Correction.



# Exhibit A

# BOARD OF REVIEW DECISION SEARCH

# Property Information

**Address:** 813 CHERRY LN, SOUTH HOLLAND
**PIN:** 29-21-200-042-0000

# Current Year

There is no complaint on file with our office for the current session for the PIN you specified

# Appeal History

## 2016 Decision Information

Complaint: 3713458.003

Appellant: F C TREADWAY ZIWI INC

Attorney: SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2016 | 3713458 | $5,309 | $10,438 | $15,747 | $5,309 | $10,438 | $15,747 |
| 2015 | 3713668 | $5,309 | $10,438 | $15,747 | $5,309 | $10,438 | $15,747 |
| 2014 | 3703294 | $5,309 | $12,184 | $17,493 | $5,309 | $10,438 | $15,747 |
| 2013 | 3702782 | $5,309 | $16,479 | $21,788 | $5,309 | $8,204 | $13,513 |
| 2012 | 3702702 | $13,274 | $67,487 | $80,761 | $13,274 | $67,487 | $80,761 |



# Exhibit A

**No Change Reason**

The No Change is the result of: Exhausting Administrative Remedies.

# 2015 Decision Information

Complaint: 3713668.001

Appellant: F C TREADWAY ZIWI INC

Attorney: SANDRICK, WILLIAM (SANDRICK LAW FIRM)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2015 | 3713668 | $5,309 | $10,438 | $15,747 | $5,309 | $10,438 | $15,747 |
| 2014 | 3703294 | $5,309 | $12,184 | $17,493 | $5,309 | $10,438 | $15,747 |
| 2013 | 3702782 | $5,309 | $16,479 | $21,788 | $5,309 | $8,204 | $13,513 |
| 2012 | 3702702 | $13,274 | $67,487 | $80,761 | $13,274 | $67,487 | $80,761 |
| 2011 | | $13,274 | $13,497 | $26,771 | $13,274 | $13,497 | $26,771 |

**No Change Reason**

The No Change is the result of: This parcel is currently the subject of a matter pending before PTAB for a prior year or the Assessor held prior Board of Review action.

# 2014 Decision Information

Complaint: 3703294.001

Appellant: WALSH & SONS, INC.

Attorney: SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|------|-------|-------|------|-------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2014 | 3703294 | $5,309 | $12,184 | $17,493 | $5,309 | $10,438 | $15,747 |
| 2013 | 3702782 | $5,309 | $16,479 | $21,788 | $5,309 | $8,204 | $13,513 |

**Exhibit A** 

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|----------|------|-------|------|------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $13,274 | $67,487 | $80,761 | $13,274 | $67,487 | $80,761 |
| 2011 | | $13,274 | $13,497 | $26,771 | $13,274 | $13,497 | $26,771 |
| 2010 | | $9,955 | $15,185 | $25,140 | $9,955 | $15,185 | $25,140 |

**Change Reason**

The Decrease is the result of: Consideration given to cost, income, or market date, and/or your appraisal.

## 2013 Decision Information

Complaint: 3702782.002

Appellant: WALSH & SONS, INC.

Attorney: SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|----------|------|-------|------|------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2013 | 3702782 | $5,309 | $16,479 | $21,788 | $5,309 | $8,204 | $13,513 |
| 2012 | 3702702 | $13,274 | $67,487 | $80,761 | $13,274 | $67,487 | $80,761 |
| 2011 | | $13,274 | $13,497 | $26,771 | $13,274 | $13,497 | $26,771 |
| 2010 | | $9,955 | $15,185 | $25,140 | $9,955 | $15,185 | $25,140 |
| 2009 | | $9,955 | $15,110 | $25,065 | $9,955 | $15,110 | $25,065 |

**Change Reason**

The Decrease is the result of: Consideration given to cost, income, or market date, and/or your appraisal.

## 2012 Decision Information

Complaint: 3702702.002

Appellant: ENIGMARCUS LLC



# Exhibit A

Attorney:    SANDRICK, WILLIAM I (SANDRICK LAW FIRM LLC)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|----------|------|-------|-----------------|------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2012 | 3702702 | $13,274 | $67,487 | $80,761 | $13,274 | $67,487 | $80,761 |
| 2011 | | $13,274 | $13,497 | $26,771 | $13,274 | $13,497 | $26,771 |
| 2010 | | $9,955 | $15,185 | $25,140 | $9,955 | $15,185 | $25,140 |
| 2009 | | $9,955 | $15,110 | $25,065 | $9,955 | $15,110 | $25,065 |
| 2008 | 0199087 | $14,336 | $75,399 | $89,735 | $14,336 | $22,046 | $36,382 |

**No Change Reason**

The No Change is the result of: Result of no documentation submitted in addition to complaint form.

# 2008 Decision Information

Complaint:    0199087.001

Appellant:    ZIWI INC

Attorney:    <not specified> (AMARI & LOCALLO)

| YEAR | COMPL# | ASSESSOR | | | BOARD OF REVIEW | | |
|------|--------|----------|------|-------|-----------------|------|-------|
| | | LAND | IMPRV. | TOTAL | LAND | IMPRV. | TOTAL |
| 2008 | 0199087 | $14,336 | $75,399 | $89,735 | $14,336 | $22,046 | $36,382 |
| 2007 | | $9,557 | $61,064 | $70,621 | $9,557 | $61,064 | $70,621 |
| 2006 | | $9,557 | $61,064 | $70,621 | $9,557 | $61,064 | $70,621 |
| 2005 | | $9,557 | $61,064 | $70,621 | $9,557 | $61,064 | $70,621 |
| 2004 | | $6,582 | $52,848 | $59,430 | $6,582 | $52,848 | $59,430 |

**Change Reason**

The Decrease is the result of: Vacancy, demolition, fire, natural disaster, exemption, or a Certificate of Correction.



# Exhibit A

The Village of
**South Holland**
Faith, Family & Future

**VILLAGE OF SOUTH HOLLAND
COLLECTORS OFFICE**

Received _4/11/ 20 17_

of _183 W 162nd St_

**IN PAYMENT OF THE FOLLOWING**

| Description | Amount | |
|---|---|---|
| | Dollars | Cents |
| Citation 27041 | 750 | — |
| Citation 27096 | 750 | — |
| Citation 27567 | 750 | — |
| ~~APR 11 2017~~ | | |
| ~~VILLAGE OF SOUTH HOLLAND~~ | | |
| **Total Amount Received** | 2250 | — |

Received by _____ **No. 93229**

COLLECTOR

---

VILLAGE OF SOUTH HOLLAND
16226 WAUSAU
SOUTH HOLLAND, IL

UTILITY BILL PAYMENT
REGISTER RECEIPT
Check #:
VILLAGE OF SOUTH HOLLAND

DATE 04/11/17     TIME 16:40

Account: 0210174002
Names:   AUTOFUTURE INC
Address: 183 W 162 ST

Old Balance:      64.76
Amount Paid:      64.76
New Balance:       .00

**Exhibit A**

STATEMENT OF ACCOUNT

# Village of South Holland

Department of Planning, Development and Code Enforcement
16220 Wausau Ave., South Holland, IL 60473
708-210-2915    fax 708-210-2959

*TO:*
TAXPAYER

*Re:* 183 W 162ND ST
*Date:* 9/27/2019
*P.I.N.:* 29-21-200-042

| Date | Citation | Description | Amount Due |
|------|----------|-------------|------------|
| 1/11/2017 | 27041 | unlawful water discharge | $750.00 |
| 2/8/2017 | 27046 | vehicle(s) parked illegally on grassy area | $750.00 |
| 2/8/2017 | 27047 | no vending machine license | $750.00 |
| 6/22/2017 | 30034 | failure to secure a SH Business lic | $750.00 |
| | | Attorneys fees for preparation of unrecorded release of liens | $150.00 |
| | | TOTAL | $3,150.00    $0.00 |

This statement is valid until the Village incurs additional property maintenance fees and/or citations are issued.

# Exhibit A

STATEMENT OF ACCOUNT

# Village of South Holland

### Department of Planning, Development and Code Enforcement
16220 Wausau Ave., South Holland, IL  60473
708-210-2915    fax  708-210-2959

*TO:*
**TAXPAYER**

*Re:* 183 W 162ND ST
*Date:* 9/27/2019
*P.I.N.:* 29-21-200-042

*Duplicate of Previously Paid* (handwritten)

| Date | Citation | Description | Amount Due |
|------|----------|-------------|-----------|
| 1/11/2017 | 27041 | unlawful water discharge | $750.00 |
| 2/8/2017 | 27046 | vehicle(s) parked illegally on grassy area | $750.00 |
| 2/8/2017 | 27047 | no vending machine license | $750.00 |
| 6/22/2017 | 30034 | failure to secure a SH Business lic | $750.00 |
| | | Attorneys fees for preparation of unrecorded release of liens | $150.00 |
| | | **TOTAL** | $3,150.00   $0.00 |

*Handwritten notations:* "Michael Walsh Paid March 3, 2017 Total Paid $1,6??.?? Receipt # 4439-O"; "J. Collins"; "Receipt #9??? 2,250.00"; "Paid 4-11-2017"

---

This statement is valid until the Village incurs additional property maintenance fees and/or citations are issued.

**Exhibit A**

**FAIR DEAL OF ILLIONS, INC.**

| EXPLANATION | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |

1125

PAY Forty three thousand, nine hundred ninety two and 65/100 ——— DOLLARS

CHECK AMOUNT $ 43,992.65

| DATE | TO THE ORDER OF | DESCRIPTION | CHECK NO. |
|---|---|---|---|
| 9/28/2015 | Cook County Collector | Batch 4 Vol. 213-224 | 1126 |

29-21-200-042-0009) (2ND 2012), 29-24-100-018-1055 (2ND 2004)
29-24-100-018-1159 (2ND 2009), 29-24-100-019-1065 (2ND 2011)

▲ Associated Bank 76-17-413-014-0000 (1ST 2012)

**Exhibit A**

FNA-NP, LLC

The Private Bank
120 S LaSalle Street
Chicago, IL 60603

381

Date: 09/25/2015

Pay To
The Order of Cook County Collector

***Sixty Six Thousand One Hundred Thirty Two Dollars and 52 Cents***                    $**66,132.52**

Cook County Collector

29-21-200-062

**Exhibit A**



**LARRY W. DeYOUNG**
Village Trustee

16226 Wausau Avenue | South Holland, Illinois 60473
Phone: 708.339.4535 | Fax: 708.210.1019
Email: ldeyoung@southholland.org | www.southholland.org

# Exhibit A

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Michael J. Walsh** | | |
| | First Name   Middle Name   Last Name | Social Security number or ITIN   350–72–2566 | |
| | | EIN   __–_____ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ | |
| | | EIN   __–_____ | |
| United States Bankruptcy Court   **Eastern District of Wisconsin** | | Date case filed for chapter  7  11/30/17 | |
| Case number:   **17–31546–bhl** | | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline    12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

**Debtors must attend this meeting**
**Meeting of Creditors: December 27, 2017 at 11:00 AM**
**U.S. Courthouse, Room 428A, 517 East Wisconsin Avenue, Milwaukee, WI 53202**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| **1.** | **Debtor's full name** | Michael J. Walsh | |
| **2.** | **All other names used in the last 8 years** | | |
| **3.** | **Address** | 6910 Waunakee Circle Mequon, WI 53092 | |
| **4.** | **Debtor's attorney** Name and address | Michael J. Cerniglia ESSERLAW LLC 11805 W. Hampton Ave Milwaukee, WI 53225 | Contact phone 414–461–7000 Email:  nancyl@esserlaw.com |
| **5.** | **Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | December 27, 2017 at 11:00 AM The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: **U.S. Courthouse, Room 428A, 517 East Wisconsin Avenue, Milwaukee, WI 53202** |

*** Valid photo identification and proof of social security number required ***

For more information, see page 2 >

# Exhibit A

Debtor **Michael J. Walsh**                                   Case number **17–31546–bhl**

| | | | |
|---|---|---|---|
| **6.** | **Bankruptcy trustee**<br>Name and address | Titania D. Whitten<br>Whitten Law Offices<br>10425 W. North Avenue<br>Suite 350<br>Wauwatosa, WI 53226 | Contact phone 414–431–0007 |

**7. Bankruptcy clerk's office**

Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov.

Room 126, U.S. Courthouse
517 East Wisconsin Avenue
Milwaukee, WI 53202–4581

Office Hours: Monday through Friday, 8:30 A.M. until 4:30 P.M., except legal holidays.

Contact phone (414) 297–3291

Date: 12/1/17

**8. Presumption of abuse**

If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances.

The presumption of abuse does not arise.

**9. Deadlines**

The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines.

**File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**

**Filing deadline: 2/26/18**

**You must file a complaint:**
- If you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or
- if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).

**You must file a motion:**
- if you assert that the discharge should be denied under § 727(a)(8) or (9).

**Deadline to object to exemptions:**
The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection.

**Filing deadline:** 30 days after the *conclusion* of the meeting of creditors

**10. Proof of claim**

Please do not file a proof of claim unless you receive a notice to do so.

No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.

**11. Creditors with a foreign address**

If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**12. Exempt property**

The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9.

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                  page 2

001161     8361100116 2010

**Exhibit A**

11/29/22, 4:58 AM

20221129_045201.jpg



2019 Shut off tracking + Location

**Exhibit A**

1/1

11/29/22, 4:56 AM

20221129_045015.jpg





New Meter 2019

**Exhibit A**

1/1

11/29/22, 5:07 AM

*Print Date* 20221124_040446.jpg



Vacant Warehouse Meter 11/2022

**Exhibit A**

1/1

11/29/22, 5:09 AM

20221124_040854.jpg



Front Office Meter#8009

**Exhibit A**

1/1

11/29/22, 5:03 AM                                    20221124_035509.jpg



Business Corridor Meter #1NV

**Exhibit A**

1/1

11/29/22, 5:18 AM                                    20221126_154540-COLLAGE.jpg



**Exhibit A**

1/1

11/29/22, 5:19 AM

20221126_153644-COLLAGE.jpg

**Exhibit A**

11/29/22, 5:16 AM                                                          20221126_153952-COLLAGE.jpg





**Exhibit A**

20221128_050951-COLLAGE.jpg





**Exhibit A**

20221126_153804-COLLAGE.jpg



2022





**Exhibit A**

20221128_034657.jpg







**Exhibit A**



Front Sewer After

**Exhibit A**