UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| F.A.M. DEVELOPMENT, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF SOUTH HOLLAND, et al.,<br><br>Defendants. | No. 24 CV 5195<br><br>Judge Georgia N. Alexakis |

MEMORANDUM OPINION AND ORDER

Plaintiff A'ndrea Paxton's dispute with defendants stems from a property that her business, F.A.M. Development, Inc., occupied in the Village of South Holland ("the Village"). She alleges that the eight defendants—including the Village, two companies, and five individuals—violated federal and state laws, local ordinances, and her constitutional rights. *See generally* [1-1]. The Village has filed an amended motion to dismiss the complaint. [16-1]. Because plaintiff's complaint does not meet the pleading requirements set forth in Federal Rule of Civil Procedure 8, the Village's motion is granted and plaintiff's complaint is dismissed without prejudice.

I.    **Parties**

At the threshold, the Court must identify the parties to the litigation. There is plaintiff Paxton, appearing *pro se*. [9]. There is the defendant Village, which filed the instant motion to dismiss. [16-1]. There are also defendants Fair Deal of Illinois, Inc., and FNA NP, LLC, both appearing by counsel [6], but not joining in the motion. There

are five other individual defendants who have not yet filed appearances. And then there is Paxton's company, F.A.M. Development, Inc., which is also named as a plaintiff.

To appear in court, a corporation must be represented by counsel. *See Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011); *see also In re IFC Credit Corp*, 663 F.3d 315, 318 (7th Cir. 2011) ("Corporations unlike human beings are not permitted to litigate pro se … Inability to litigate pro se can be thought of as part of the price for corporations' privileges."); *Austin v. Cook Cnty.*, 2024 WL 3649022, at *3 (7th Cir. Aug. 5, 2024) (rule extends to sole proprietorships). F.A.M. Development, Inc. is not represented by counsel, so it has not yet appeared in court. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("[C]orporations must appear by counsel or not at all."). Because F.A.M. Development, Inc., has not yet appeared in court, it is dismissed from the case without prejudice.

Paxton is the sole plaintiff in this case.

## II.    Factual Background

Plaintiff's sprawling complaint is not easily summarized. For purposes of this Order, the operative facts are as follows: Plaintiff's business began occupying an office in the Village. [1-1] ¶¶ 6, 27, 39. She had multiple contacts with Village officials, among others, relating to the property—disputes about unpaid fees, inspections, repair of certain utilities, and the like. *See, e.g.*, *id.* at 26-28, 50-51, 59, 98-109. Those contacts are the crux of her complaint.

The Village has moved to dismiss the complaint, arguing, among other points, that the complaint fails to adhere to Federal Rule of Civil Procedure 8. [16-1]. Though plaintiff previously indicated that she intended to voluntarily dismiss her complaint [23], she now moves for an extension of time to secure legal representation [24].

## III.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive dismissal, the complaint must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

But a complaint can perhaps be *too* detailed. Length alone may not be reason enough to dismiss a complaint. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("The word 'short' in Rule 8(a)(2) is a relative term. Brevity must be calibrated to the number of claims and also to their character."). But unintelligibility is. *See Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Id.*; *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

As a pro se litigant, plaintiff is entitled to lenience in her filings, but must still follow procedural rules. *See Pearle Vision, Inc., v. Roman*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## IV.    Analysis

### A.  Motion to Dismiss

Even read leniently, plaintiff's complaint does not contain a "short and plain statement" of her claim. Fed. R. Civ. P. 8. It therefore must be dismissed.

The complaint's 112 paragraphs cross the line from "unnecessarily long" to "unintelligible." *Stanard*, 658 F.3d at 798. Many of those paragraphs are conclusory and vague, untethered to genuine statutes or causes of action, and empty of demands for relief. For example, in the complaint's introductory paragraphs, plaintiff declares that defendants acted "in contravention of the Illinois Constitution, Illinois Criminal Code, and/or the Public Officer Prohibited Activities Act," without stating which specific legal provisions defendants violated, or how they violated those provisions. [1-1] ¶ 3. Paragraph 11 accuses defendants of "using municipal ordinances to deprive Plaintiff(s) rights of Due Process," without explaining how plaintiff's due process rights were so deprived. *Id.* ¶ 11. Paragraph 23 alleges "systemic violations of the RICO predicate acts, the U.S. Constitution, Illinois Constitution the Illinois criminal Code [sic], the Corrupt Practices Act, and the Village Code," again without alleging which specific provisions of those laws defendants violated, or how they violated those provisions. *Id.* ¶ 23.

Likewise, the meat of plaintiff's complaint—a rambling narrative of plaintiff's every interaction with defendants—is similarly devoid of context, chronological organization, or clearly articulated claims. *See, e.g., id.* ¶¶ 6-10, 12-18, 27-28, 39, 40-85, 87. These paragraphs further demonstrate the complaint's overall failure to adhere to Rule 8.

The complaint's "Counts," contained in paragraphs 87 through 111, underscore this conclusion. Paragraph 87 raises the "Corrupt Practice Act," "Public Officers Prohibited Activities Act," "720 ILLCS 5/21-3," and "Due Process," without explaining how—or even which—defendants violated the laws. *Id.* ¶ 87. Paragraph 88 mentions the "Employees Ethics Act." *Id.* ¶ 88. Yet rather than allege any violation of the Act, the paragraph instead commands defendants that they "will" and "shall not" take certain actions. *Id.* Paragraph 89 contains only a bare recitation of law. *Id.* ¶ 89. Paragraph 90, titled "Due Process," complains of defendant's violations of local ordinances, but goes on to describe the actions plaintiff is taking within the county's administration to resolve the violations, and does not attempt to articulate a due process violation. *Id.* ¶ 90. Paragraph 91 mentions "conflict of interest statutes," but neither identifies nor alleges any violation of these sources of law. *Id.* ¶ 91. Paragraph 92 criticizes defendants' "deceptive practices," but again, does not intelligibly allege any violation of law. *Id.* ¶ 92. Paragraphs 93 and 94 complain about taxes and water bills. *Id.* ¶¶ 93-94. Paragraphs 95 through 107 accuse defendants of operating a "clandestine RICO enterprise" that deprived plaintiff of her equal protection and due process rights, without, among other deficiencies, explaining *how* her rights were so

deprived. *Id.* ¶¶ 95-107. Paragraphs 108 through 111, titled "Violations of 42 U.S.C. § 1983," again accuse defendants of operating a "clandestine RICO enterprise" and depriving plaintiff of her "constitutional rights," but without further context or clarification. *Id.* ¶¶ 108-11.

The Court details these deficiencies not to be unduly harsh with plaintiff—but to underscore the fundamental concerns of fairness that Rule 8 is designed to address. To form a defense, a defendant must know the legal wrongs it is alleged to have committed and the factual allegations that form the core of the claims asserted against it. *Stanard*, 658 F.3d at 799. Yet as described above, plaintiff's complaint is a jumble of grievances and half-formed claims: "exactly the type of 'kitchen sink approach to pleading'" that the Seventh Circuit has found to violate Rule 8. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013). Because the complaint is disorganized and inscrutable, it fails to give the defendants the notice to which they are entitled. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (unintelligible complaints fail to give the defendant proper notice). Though the Village generously attempts to fish for actual allegations amidst this incoherence, *see* [16-1] at 8-11, this work is neither its, nor this Court's, responsibility. *Garst*, 328 F.3d at 378 ("But even if it were possible to navigate through these papers to a few specific instances of fraud, why should the court be obliged to try?").

Because plaintiff's complaint does not put defendants on notice as to her claims or their grounds, her complaint is dismissed without prejudice. Plaintiff has until

October 21, 2024, to file an amended complaint that cures the deficiencies, or her case will be dismissed with prejudice.

### B. Motion for Appointment of Counsel and to Extend

Plaintiff previously moved for appointment of counsel. [10]. However, she now indicates that she has retained counsel. [24] ¶ 20. Plaintiff's motion for appointment of counsel is therefore denied as moot. Given the dismissal of her complaint, plaintiff's motion for an extension of time to voluntarily dismiss her complaint [24] is likewise denied as moot.

_____
Georgia N. Alexakis
United States District Judge

Date: October 3, 2024

7